HENRY GIROLA AND DIANE LINK GIROLA, APPELLANTS, v. ROGER ROUSSILLE, PIONEER TITLE INSURANCE CO. OF NEVADA, KENNETH F. JOHNSON, KATHRYN H. JOHNSON, AND TRANS–SIERRA CORPORATION, RESPONDENTS.

No. 4840

December 16, 1965                    408 P.2d 918

*Alex. A. Garroway,* of Reno, for Appellants.

*Sidney W. Robinson,* of Reno, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

Henry and Diane Girola commenced suit in the district court, claiming to be the owners of certain land in Washoe County, Nevada. Each defendant, by answer, denied that claim, and later moved for summary judgment. Their motion was granted, judgment entered, and this appeal followed. The district court ruled as it did because it was clear from the uncontroverted facts offered by affidavit in support of the motion that Henry and Diane Girola did not own the property involved—title thereto was vested in another. Indeed, on this appeal the Girolas concede that their claim of ownership was wholly without support in the record before the lower court. They ask, however, that we deem the defendants' motion for summary judgment, and the summary judgment entered thereon, to be a motion to dismiss for lack of jurisdiction over the subject matter (NRCP 12(b)(1)) and an order dismissing their case for that reason.[1] Even if we were empowered so to dis-

---

[1] By statements in their appellate briefs, the Girolas disclose their concern. They tell us that another case is pending between the same parties and involving title to the same real property. They are fearful that the summary judgment in this case may be res judicata of the issues in that suit, whereas an order dismissing their claim might not be. We intimate no opinion on this question, as we are not concerned with it on this appeal.

tort the record (a matter on which we express no view), we could not do so here, because a motion to dismiss on that ground, had one been presented, could not legally have been granted.

A motion to dismiss under Rule 12(b)(1) was not available to the defendants here. That motion may be utilized when a lack of jurisdiction over the subject matter appears on the face of the pleading. The subject matter of this lawsuit is title to real property. Nev. Const.Art. 6, § 6, invests the district court with original jurisdiction of all cases at law "which involve the title or the right of possession to, or the possession of real property." The Girolas asserted title to, and ownership of, real property. The action was commenced in the proper court. NRS 13.010. To contend that the lower court should have treated the defendants' motion for a summary judgment as a motion to dismiss for lack of jurisdiction over the subject matter, is absurd.

Affirmed.

BADT, J., and ZENOFF, D. J., concur.