**Manya ATIYA, M.D., Plaintiff and Appellant,**

v.

**SALT LAKE COUNTY, Defendant and Appellee.**

No. 920639–CA.

Court of Appeals of Utah.

April 5, 1993.

Kathryn P. Collard and Steve Russell, Salt Lake City, for plaintiff and appellant.

David E. Yocom and Patricia J. Marlowe, Salt Lake City, for defendant and appellee.

Before BILLINGS, GREENWOOD and RUSSON, JJ.

## OPINION

RUSSON, Associate Presiding Judge:

Dr. Manya Atiya appeals the trial court's order granting Salt Lake County's motion to dismiss her complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Utah Rules of Civil Procedure. We affirm.

## FACTS

On appeal from a trial court's grant of a motion to dismiss for lack of jurisdiction, we accept the factual allegations in the plaintiff's complaint as true. *Hurst v. Highway Dep't*, 16 Utah 2d 153, 397 P.2d 71, 72 (1964); *see also Girola v. Roussille*, 81 Nev. 661, 408 P.2d 918, 919 (1965) (motion to dismiss under Rule 12(b)(1) is only appropriate when lack of jurisdiction over the subject matter appears on the face of the pleading).

Dr. Atiya was employed by Salt Lake County as a psychiatrist at the Salt Lake County Jail from 1981 to 1985. In 1985, while still employed by the County, Dr. Atiya, along with her supervisors and the County, was named as a defendant in *Lancelot aka George Granger v. Salt Lake County*, Civ. No. C-85-971, in the United States District Court for the State of Utah. In that action, an inmate claimed that he had been involuntarily medicated while confined in the county jail, in violation of his federal constitutional rights. The Salt Lake County Attorney's Office filed an answer on behalf of all defendants in that action, including Dr. Atiya. However, on November 26, 1985, Dr. Atiya, claiming that her defense conflicted with that of the other defendants, sent a letter to Salt Lake County requesting that the County provide her separate and independent counsel pursuant to Utah Code Ann. §§ 63–30–36 and –37 (1989). Section 63–30–36 provides, in pertinent part:

(1) Except as provided in Subsections (2) and (3), a governmental entity shall defend any action brought against its employee arising from an act or omission occurring:

(a) during the performance of the employee's duties;

(b) within the scope of the employee's employment; or

(c) under color of authority.

(2)(a) Before a governmental entity may defend its employee against a claim, the employee shall make a written request to the governmental entity to defend [her]:

(i) within ten days after service of process upon [her]; or

(ii) within a longer period that would not prejudice the governmental entity in maintaining a defense on [her] behalf; or

(iii) within a period that would not conflict with notice requirements imposed on the entity in connection with insurance carried by the entity relating to the risk involved.

(b) If the employee fails to make a request, or fails to reasonably cooperate in the defense, the governmental entity need not defend or continue to defend the employee, nor pay any judgment, compromise, or settlement against the employee in respect to the claim.

Further, section 63–30–37 states, in relevant part:

(1) Subject to Subsection (2), if an employee pays a judgment entered against [her], or any portion of it, which the governmental entity is required to pay under Section 63–30–36, the employee may recover from the governmental entity the amount of the payment and the reasonable costs incurred in [her] defense.

(2) If a governmental entity does not conduct the defense of an employee against a claim, or conducts the defense under an agreement as provided in Subsection 63–30–36(6), the employee may recover from the governmental entity under Subsection (1) if:

(a) the employee establishes that the act or omission upon which the judgment is based occurred during the performance of [her] duties, within the

scope of [her] employment, or under color of authority, and that [she] conducted the defense in good faith

. . . .

Salt Lake County, through its commissioners, denied Dr. Atiya's request for separate counsel on December 16, 1985. On February 18, 1986, Dr. Atiya requested Salt Lake County to reconsider its decision; however, the County declined to do so.

On April 15, 1986, Dr. Atiya moved the federal district court to allow her to substitute private counsel in the *Granger* action. The Magistrate granted the motion, but ruled that Dr. Atiya would have to pursue any claim for indemnification for separate counsel against Salt Lake County in state court.

On December 1, 1989, Dr. Atiya was dismissed from the *Granger* action. On December 4, she submitted a claim to Salt Lake County for attorney fees and costs in the amount of $16,791.64 for her separate defense in that action, pursuant to sections 63–30–36 and –37. On February 27, 1990, the Salt Lake County Attorney's Office recommended to the Salt Lake County Commission that Dr. Atiya's claim for indemnification be denied, and on March 5, 1990, Salt Lake County, in writing, denied Dr. Atiya's claim. However, following a written request by Dr. Atiya that the County reconsider its denial of her claim, Dr. Atiya received notice that Salt Lake County had referred her indemnification claim to the claims unit of the Salt Lake County Attorney's Office and the Salt Lake County Auditor. On March 27, Dr. Atiya inquired in writing as to the progress of that referral,

and was informed on April 2 that her letter had been referred to David E. Yocom, Salt Lake County Attorney, for a recommendation. On April 27, 1990, Dr. Atiya contacted the Salt Lake County Board of Commissioners to inquire as to the status of her claim and was notified that the County intended to stand by its initial denial of her claim for indemnification.

Dr. Atiya commenced the present action in Third District Court on April 23, 1991. In her complaint, Dr. Atiya asserted three causes of action against Salt Lake County: (1) failure to provide statutory indemnification and defense; (2) bad faith failure to provide statutory indemnification and defense; and (3) intentional infliction of emotional distress. Subsequently, the County moved to dismiss the action for lack of subject matter jurisdiction, claiming that the same was barred by certain statutes of limitation and the Utah Governmental Immunity Act. The said motion was granted.

Dr. Atiya appeals the trial court's order granting Salt Lake County's motion to dismiss, claiming that the court erred in: (1) ruling that Dr. Atiya's first and second causes of action were time barred under various statutes of limitations; and (2) holding that Dr. Atiya's third cause of action was barred under Utah Code Ann. § 63–30–10(2) (Supp.1992).[1]

## STATUTES OF LIMITATION

■ Dr. Atiya claims that the trial court erred in ruling that her first cause of action, for failure to provide statutory indemnification, was time barred under Utah Code Ann. § 17–15–12 (1991).[2] Dr. Atiya

1. On appeal, Dr. Atiya also claims that the trial court erred in (1) considering material outside the pleadings in ruling on Salt Lake County's motion to dismiss; (2) determining that the County's duty to indemnify Dr. Atiya for defense costs was discretionary, and that the County was immune from suit for recovery of such costs under Utah Code Ann. § 63–30–10 (Supp.1992); and (3) ruling that Dr. Atiya's second and third causes of action were insufficiently pled. However, in light of our resolution of the issues above, it is unnecessary to address Dr. Atiya's additional claims on appeal. *Tolboe Constr. Co. v. Staker Paving & Constr. Co.*, 682 P.2d 843, 848 (Utah 1984); *accord Neilson v. Neilson*, 780 P.2d 1264, 1270 (Utah App.1989).

2. The trial court also ruled that Dr. Atiya's first cause of action was time barred under Utah Code Ann. § 63–30–15 (1989), which states:

(1) If the claim is denied, a claimant may institute an action in the district court against the governmental entity or an employee of the entity.

(2) The claimant shall begin the action within one year after the denial of the claim or within one year after the denial period specified in this chapter has expired, regardless of whether or not the function giving rise to the claim is characterized as governmental.

further argues that the trial court erred in concluding that her second cause of action, for bad faith failure to provide statutory indemnification, was also time barred.[3] Salt Lake County responds that the trial court properly concluded that Dr. Atiya's claims were time barred. We agree.

Section 17–15–12 provides, in pertinent part:

> A claimant dissatisfied with the rejection of [her] claim or demand or with the amount allowed [her] on [her] account may sue the county therefor at any time *within one year after the first rejection thereof by the board but not afterward.*

Utah Code Ann. § 17–15–12 (1991) (emphasis added).

In the case at bar, Dr. Atiya alleged in her complaint that:

> 26. On and after December 4, 1989, pursuant to the provisions of [Utah Code Ann. §§ 63–30–36 and –37 (1989)], plaintiff Atiya's independent counsel submitted a claim to the defendant Salt Lake County, through its duly elected Commissioners, requesting payment of the attorney's fees and costs incurred in the successful defense of Manya Atiya, M.D. as a defendant in the *Granger* action, in the amount of $16,791.64.
>
> 27. On or about February 27, 1990, Mr. Ralph D. Crockett, Deputy County Attorney of the Salt Lake County Attorney's Office recommended that defendant Salt Lake County, acting through its duly elected Commissioners, decline plaintiff's request for payment of the attorney's fees and costs incurred in her defense in the *Granger* action.
>
> . . . .

> 29. On or about March 5, 1990, plaintiff received a letter confirming that defendant Salt Lake County, acting through its duly elected Commissioners, denied plaintiff's request for payment of the attorney's fees and costs incurred in her defense in the *Granger* action.

Even accepting the allegations in the complaint as true, *see Hurst v. Highway Dep't*, 16 Utah 2d 153, 397 P.2d 71, 72 (1964), Dr. Atiya's first and second causes of action against Salt Lake County, for failure to provide statutory indemnification and bad faith failure to do so, are barred under Utah Code Ann. § 17–15–12 (1991). In her complaint, Dr. Atiya acknowledges that the County first rejected her claim for indemnification of attorney fees and costs on March 5, 1990. Accordingly, despite the alleged ongoing consideration of her claim following that first rejection, pursuant to section 17–15–12, she had one year from that date to commence an action against the County. However, because Dr. Atiya did not commence the present action until April 23, 1991, over one year after the first rejection of her claim, her first and second causes of action are barred under section 17–15–12.[4]

## UTAH GOVERNMENTAL IMMUNITY ACT

 Dr. Atiya claims that the trial court erred in determining that her third cause of action against Salt Lake County, for intentional infliction of emotional distress, was barred by Utah Code Ann. § 63–30–10(2) (Supp.1992) of the Utah Governmental Im-

---

However, due to our resolution of this issue under section 17–15–12, we need not address this ruling.

**3.** The trial court concluded that Dr. Atiya's second cause of action was time barred under Utah Code Ann. § 63–30–15(2) (1989). However, because this court can affirm the decision of the trial court on any proper legal basis, *Bagshaw v. Bagshaw*, 788 P.2d 1057, 1060 (Utah App.1990), we conclude that section 17–15–12 barred Dr. Atiya's second cause of action.

**4.** Additionally, with reference to Dr. Atiya's second cause of action, for bad faith failure to

provide statutory indemnification, we note that our review of Dr. Atiya's complaint reveals that she has not alleged any specific conduct by the County which constitutes bad faith. However, even accepting as true her allegations that the County denied her claim in bad faith because Dr. Atiya was "dissatisfied with the rejection of [her] claim," pursuant to section 17–15–12, she nonetheless had only one year following the County's first rejection of her claim to commence an action on the basis that the County rejected the same in bad faith. Accordingly, such claim is time barred.

munity Act.[5] Dr. Atiya argues that section 63–30–10 only immunizes the County from suits for negligently inflicted injuries, and since her cause of action alleges that the County intentionally inflicted emotional distress in denying her claim, that section does not apply here. Salt Lake County responds that the plain language of section 63–30–10(2) bars Dr. Atiya's claim.

However, before we can reach the question of whether section 63–30–10 applies, we must first determine whether the underlying act of failure to indemnify government employees for defense costs under Utah Code Ann. § 63–30–37 (1989) is a "governmental function" for which the County is immune from suit under Utah Code Ann. § 63–30–3 (1989). *See Ledfors v. Emery County Sch. Dist.*, 849 P.2d 1162, 1164 (Utah 1993); *Rocky Mountain Thrift Stores, Inc. v. Salt Lake City Corp.*, 784 P.2d 459, 462 (Utah 1989).

Section 63–30–3 provides, in pertinent part: "Except as may be otherwise provided in this chapter, all governmental entities are immune from suit for any injury which results from the exercise of a governmental function...." Further, Utah Code Ann. § 63–30–2(4)(a) (1989) defines the term "governmental function" as:

> [A]ny act, failure to act, operation, function, or undertaking of a governmental entity whether or not the act, failure to act, operation, function, or undertaking is characterized as governmental, proprietary, a core governmental function, unique to government, undertaken in a dual capacity, essential to or not essential to a government or governmental function, or could be performed by private enterprise or private persons.

Thus, pursuant to the explicit language of section 63–30–2(4)(a), a governmental entity's failure to act is classified as a "governmental function." Accordingly, in the case at bar, the County's failure to indemnify Dr. Atiya for costs incurred in defending an action arising from acts or omissions occurring within the scope of her employment is plainly a governmental function. As such, pursuant to section 63–30–3, the County is immune from suit for any alleged injuries caused by the exercise of that function unless that immunity is expressly waived. *See Ledfors*, at 1165; *Rocky Mountain Thrift Stores, Inc.*, 784 P.2d at 462.

We next ascertain whether governmental immunity has been expressly waived for the County's alleged intentional infliction of emotional distress in failing to indemnify an employee for defense costs. The trial court specifically concluded that the County was immune from suit under Utah Code Ann. § 63–30–10 (Supp.1992), which states, in pertinent part:

> Immunity from suit of all governmental entities is waived for injury proximately caused by a negligent act or omission of an employee committed within the scope of employment except if the injury arises out of:
>
> . . . .
>
> (2) assault, battery, false imprisonment, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, *infliction of mental anguish*, or violation of civil rights.... (Emphasis added).

■ However, as asserted by Dr. Atiya, section 63–30–10 is inapplicable to the case at bar. Waiver of immunity under section 63–30–10 applies only to "injury proximately caused by a *negligent* act or omission of an employee committed within the scope of employment." Utah Code Ann. § 63–30–10 (Supp.1992) (emphasis added). In the complaint in the present case, Dr. Atiya does not allege injury caused by a negligent act of the County or its employee; rather, she specifically alleges that the County's *intentional* acts caused her emotional distress. Accordingly, section 63–30–10 is inapposite to the case at bar.[6]

Nonetheless, Dr. Atiya has not cited us to, and we have not found, any section of

---

**5.** The trial court also held that Dr. Atiya's third cause of action was barred by Utah Code Ann. §§ 63–30–15(2) and –22 (1989). However, due to our resolution of this issue under Utah Code

Ann. § 63–30–3 (1989), we need not address these rulings.

**6.** Additionally, even if Dr. Atiya had alleged that her injuries arose from a negligent act of the

the Governmental Immunity Act that expressly waives governmental immunity under the facts of this case. Accordingly, under Utah Code Ann. § 63–30–3 (1989), Salt Lake County is immune from suit for the alleged injuries resulting from the County's failure to indemnify Dr. Atiya for her separate defense costs. Therefore, Dr. Atiya's third cause of action is barred by that section.

## CONCLUSION

Dr. Atiya's first and second causes of action against the County, for failure to provide statutory indemnification and bad faith failure to do so, are barred by Utah Code Ann. § 17–15–12 (1991). Further, her third cause of action, for intentional infliction of emotional distress, is barred by Utah Code Ann. § 63–30–3 (1989). Accordingly, we affirm the trial court's order granting Salt Lake County's motion to dismiss Dr. Atiya's complaint for lack of subject matter jurisdiction.

BILLINGS and GREENWOOD, JJ., concur.

County or its employee, section 63–30–10 still would not provide relief in this case because of an explicit exception to the waiver provided for by that section for injuries arising out of "infliction of mental anguish." Utah Code Ann. § 63–

30–10(2) (Supp.1992). *See generally Ledfors,* at 1166 ("[Section 63–30–10(2)] immunizes the negligence of the state employee when that negligence results in injuries 'arising out of' an assault or battery.").