**Besser v. Dexter**
*[Cite as 5 AOA 64]*

*Case No. 88CA7*
*Hocking County, (4th)*
*Decided July 11, 1990*

*Mr. William P. Besser, Appellant, Pro Se.*

*Mr. Anthony J. Celebrezze, Jr., Ohio Attorney General, Ms. Angela R. Stokes, Assist. Attorney General, Cleveland, Ohio, for Appellees.*

HARSHA, J.

This is an appeal from a judgment of the Hocking County Court of Common Pleas dismissing a civil rights action filed by William P. Besser. We reverse.

Besser, an inmate at the Hocking Correctional Facility, (HCF), filed a federal civil rights action pursuant to 42 U.S.C. Section 1983 against the superintendent and certain staff members of HCF, defendants-appellees. Besser alleged that as a result of a "conduct report," he was temporarily confined to the "Hole" where he was subjected to temperatures of seven degrees below zero in violation of the constitutional prohibition against cruel and unusual punishment found in the Eighth Amendment. In his complaint, Besser sought injunctive relief and monetary damages against appellees in their individual and official capacities.

Appellees filed a motion to dismiss alleging that Besser's complaint was barred in the court of common pleas under R.C. 2743.02 until the Court of Claims determined whether appellees were entitled to state civil immunity. The trial court agreed that it lacked the requisite subject

matter jurisdiction and granted the motion to dismiss.

In his second, fifth, and sixth assignments of error, Besser basically asserts that the trial court erred in dismissing his complaint for lack of subject matter jurisdiction. We agree.

State common pleas courts have concurrent subject matter jurisdiction over actions brought under 42 U.S.C. 1983. *Cooperman v. Univ. Surgical Assoc.* (1987), 32 Ohio St. 3d 191; *Van Hoene v. State* (1985), 20 Ohio App. 3d 363. However, the state asserts that Besser should have first filed his complaint in the Court of Claims pursuant to R.C. 2743.02, and that since Besser failed to do so, the court lacked jurisdiction over the subject matter. We disagree. Both the state and the trial court appear to have confused a distinction between *federal* civil rights actions and *state* law tort claims. While both may be filed in state court, the procedure for determining immunity/liability of state employees under R.C. 2743.02 only applies to state law causes of action. The State of Ohio cannot adopt substantive defenses or procedural bars to a federal cause of action simply because Ohio courts have concurrent jurisdiction to entertain claims based upon an alleged violation of federal rights. While a litigant may be bound by the Ohio Rules of Civil Procedure if he or she chooses to utilize the state court forum in filing a 42 U.S.C. Section 1983 action, there can be no state requirement that a plaintiff first file in the Ohio Court of Claims under R.C. 2743.02 to determine whether the defendant employee's conduct was outside the scope of his or her employment, or was in bad faith, wanton, or reckless in nature.

The procedure set forth in R.C. 2743.02 applies to state law claims against the State of Ohio and/or its employees. It has no application to federal claims whether brought in federal or state court, and accordingly, the trial court's jurisdiction in this case was not dependent upon a prior determination by the Court of Claims. *Leaman v. Ohio Dept. of Mental Retardation* (C.A. 6 1987), 825 F.2d 946, 953. Because the trial court erred in determining that it lacked subject matter jurisdiction, appellant's second, fifth, and sixth assignments of error are affirmed.

Since appellant's first, third, and fourth assignments of error are not separately briefed, we need not address them. See App. R. 12(A).

Accordingly, for the foregoing reasons, the judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.