LARRY ROSEQUIST, APPELLANT, *v.* INTERNATIONAL ASSOCIATION OF FIREFIGHTERS LOCAL 1908, RESPONDENT.

No. 36506

July 18, 2002

49 P.3d 651

---

*Bell and Young, Ltd.,* and *David K. Rosequist,* Las Vegas, for Appellant.

*Peter L. Ashman,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

We are asked to determine whether allegations in a complaint filed by appellant Larry Rosequist against respondent International Association of Firefighters Local 1908 fall within the exclusive jurisdiction of the EMRB and whether the Employee-Management Relations Act ("the Act") requires the exhaustion of administrative remedies before the EMRB prior to filing a complaint in district court.

We conclude that Rosequist's complaint involves allegations of unfair representation against Local 1908. These allegations arise under the Act, and therefore, Rosequist's complaint falls under the exclusive jurisdiction of the EMRB. We also conclude that the Act requires the exhaustion of administrative remedies before the EMRB prior to filing a complaint in district court. Accordingly, we affirm the order of the district court dismissing Rosequist's complaint.

### FACTS

Rosequist was a twelve-year veteran firefighter for the Clark County Fire Department when he was injured at work on March 14, 1991. Rosequist was examined by two doctors who concluded that he could no longer perform his duties as a firefighter. Rosequist filed for disability benefits, pursuant to a collective bargaining agreement between Clark County and Local 1908. To be eligible for these benefits, two doctors must agree that the employee cannot work in another position within the fire department. After reviewing Rosequist's injuries, two doctors concluded that Rosequist could perform the work of a fire inspector. Rosequist was ordered back to work, where he briefly performed the duties of a fire inspector, until he re-injured himself.

Rosequist re-applied for disability benefits. Two new doctors concluded that he was unable to perform the duties of a fire inspector. Thereafter, a lengthy dispute arose between Rosequist and Clark County regarding his disability and benefits.

Local 1908 filed a grievance with Clark County on Rosequist's behalf. The matter was soon referred to an arbitrator, who concluded that Rosequist was unable to perform the duties of a fire inspector and was entitled to disability benefits under the collec-

tive bargaining agreement. Clark County moved the district court to vacate the decision, alleging that the arbitrator considered evidence outside the record.

The district court agreed with Clark County, vacated the arbitration award, and remanded the case to the arbitrator with instructions. However, re-affirming his prior decision, the arbitrator refused to follow the district court's instructions. The case again came before the district court. After conducting a hearing, the district court ordered the selection of a new arbitrator. On October 20, 1997, the new arbitrator issued a decision denying Rosequist disability benefits.

On June 9, 1998, Rosequist filed a complaint in district court against Clark County and Local 1908, alleging, among other things, that the two entities breached the collective bargaining agreement, breached the duty of fair representation, ignored and improperly submitted his grievances, breached the covenant of good faith and fair dealing, wrongfully terminated his employment, and conspired to violate the collective bargaining agreement.

Clark County moved for summary judgment. Local 1908 joined Clark County's motion and also moved to dismiss the complaint. On June 30, 2000, the district court granted Clark County's motion for summary judgment. Expressing some reservations, the district court also granted Local 1908's motion to dismiss without prejudice, holding Rosequist failed to exhaust his administrative remedies before the EMRB prior to filing his complaint.

The district court interpreted the Act as applying to the allegations in Rosequist's complaint against Local 1908 and requiring the exhaustion of remedies before the EMRB. The district court advised Rosequist to file a complaint with the EMRB.

After being denied a motion for reconsideration, Rosequist filed a notice of appeal to this court. On December 20, 2000, Rosequist also filed a complaint before the EMRB. However, as the complaint was beyond the six-month statute of limitations established by NRS 288.110(4), the EMRB dismissed Rosequist's complaint as untimely, leaving Rosequist without a forum to address the merits of his lawsuit.

## DISCUSSION

Rosequist argues that the district court erred in dismissing his complaint against Local 1908 because the allegations in his complaint do not fall within the exclusive jurisdiction of the EMRB. We disagree.

A motion to dismiss is properly granted when there is a lack of subject matter jurisdiction on the face of the complaint.[1] Failure to exhaust administrative remedies generally deprives a district court of subject matter jurisdiction.[2] Additionally, "[t]he construction of a statute is a question of law subject to de novo review."[3] If the plain meaning of a statute is clear on its face, then we will not go beyond the language of the statute to determine its meaning.[4] Here, we must consider the meaning of the Act.

The Act grants the EMRB broad authority to "hear and determine any complaint arising out of the interpretation of, or performance under, the provisions of this chapter by any . . . employee organization."[5] Upon reading the language of this provision, it appears that two requirements must be met for the Act to govern a complaint.

First, the complaint must be against an employee organization. An employee organization is defined as "an organization of any kind having as one of its purposes improvement of the terms and conditions of employment of local government employees."[6] Here, Rosequist's complaint was filed against Local 1908, a part of the International Association of Firefighters—a union. Therefore, the first requirement is met.

Second, the complaint must also arise out of the interpretation or performance by the employee organization under provisions of the Act. NRS 288.270(2)(a) provides that an employee organization cannot "[i]nterfere with, restrain or coerce any employee in the exercise of any right guaranteed under this chapter."

Here, Rosequist's complaint contains numerous allegations. These include: breach of the collective bargaining agreement, breach of the duty of fair representation, improper submission of grievances, breach of the duties of good faith and fair dealing, wrongful termination of employment, and conspiracy to violate the collective bargaining agreement. These allegations involve Local 1908's representation of Rosequist during the arbitration proceedings.[7] The question must be asked: do these allegations involve a violation of any provisions under the Act?

---

[1]*See Girola v. Roussille*, 81 Nev. 661, 663, 408 P.2d 918, 919 (1965).

[2]*See State, Dep't of Taxation v. Scotsman Mfg.*, 109 Nev. 252, 254, 849 P.2d 317, 319 (1993).

[3]*County of Clark v. Upchurch*, 114 Nev. 749, 753, 961 P.2d 754, 757 (1998).

[4]*See Robert E. v. Justice Court*, 99 Nev. 443, 445, 664 P.2d 957, 959 (1983).

[5]NRS 288.110(2).

[6]NRS 288.040.

[7]*See Vaca v. Sipes*, 386 U.S. 171, 190 (1967).

Local 1908 is the exclusive bargaining agent for employees under the Act[8] and has a duty to not only represent those employees fairly in negotiating the terms of the collective bargaining agreement, but in its implementation as well.[9] We conclude that fair representation of an employee by a union involving the implementation of the terms of a collective bargaining agreement is a right arising under the Act and the failure of a union to fairly represent an employee interferes with that right. Therefore, we conclude that the allegations against Local 1908 in Rosequist's complaint fall under the Act and are within the exclusive jurisdiction of the EMRB.

Although our inquiry could end here, legislative history and case law regarding this issue warrant further discussion. Legislative history of the Act shows that the EMRB was initially patterned after the National Labor Relations Board ("NLRB").[10] We have held that it is proper to look toward the NLRB for guidance on issues involving the EMRB.[11] The NLRB has been held to have exclusive jurisdiction over unfair labor practice issues,[12] which arguably involve claims against a union for breach of the duty of fair representation.[13] By analogy, we view the EMRB to have similar exclusive jurisdiction.

Rosequist is correct in noting that the United States Supreme Court carved out an exception to the exclusive jurisdiction of the NLRB in *Vaca v. Sipes*.[14] However, the holding in that case only applies when a union has the sole power to invoke the higher stages of a grievance procedure and the union wrongfully prevents the former union employee from processing those grievances.[15] The Court in *Vaca* was concerned about a union member receiving a fair review of his complaint when the NLRB has unreviewable discretion to refuse to hear such a complaint.[16]

---

[8]NRS 288.160(2).

[9]*Rodriguez v. Southern Cal. Dist. Council*, 207 Cal. Rptr. 75, 77 (Ct. App. 1984).

[10]*See* Hearing on S.B. 87 Before the Senate Comm. on Federal, State and Local Governments, 55th Leg. (Nev., Feb. 25, 1969).

[11]*Truckee Meadows v. Int'l Firefighters*, 109 Nev. 367, 375-76, 849 P.2d 343, 349 (1993).

[12]*California Ass'n v. Building and Const. Tr. Council*, 178 F.2d 175, 177 & n.3 (9th Cir. 1949).

[13]*Vaca*, 386 U.S. at 178, 191.

[14]*See id.* at 180-81.

[15]*Id.* at 187.

[16]*Id.* at 182-83.

Here, however, decisions of the EMRB are subject to judicial review.[17] Moreover, to extend the concerns expressed in *Vaca* to this case presumes that a Nevada board is not capable of being impartial. We see no reason for such a concern about the EMRB. Additionally, the Court in *Vaca* considered preemption of state jurisdiction by the NLRB; here, the issue is whether a state statute preempts state court jurisdiction.[18] We conclude the concerns of the Court in *Vaca* are not implicated here.[19]

In the alternative, Rosequist argues that even if the Act applies to the allegations in his complaint, the Act does not require exhaustion of administrative remedies before commencing a judicial action. Specifically, Rosequist argues that the word "may" contained in NRS 288.110(2) and NRS 288.280 means that there is no mandatory requirement for the EMRB to hear the complaint. We disagree.

NRS 288.110(2) provides that "[t]he board may hear and determine any complaint." NRS 288.280 provides that "[a]ny controversy concerning prohibited practices may be submitted to the board." Although the word "may" is generally construed as permissive,[20] here it is ambiguous; and therefore, we must turn to the Act's legislative history to interpret its meaning.

Legislative history shows that the EMRB was intended to relieve a burden on the courts in resolving disputes.[21] We have stated that "[i]t is not conceivable that the legislature would give its extensive time and attention to study, draft, meet, hear, discuss and pass this important piece of legislation were it not to serve a useful purpose."[22] Given the Act's provisions regarding time lim-

---

[17]NRS 288.130 provides that EMRB decisions are subject to judicial review. *See also* NRS 233B.130(1)(b). We also note that in this case, the court reserved the right to review the decision of the EMRB.

[18]*Anderson v. California Faculty Ass'n*, 31 Cal. Rptr. 2d 406, 411 (Ct. App. 1994).

[19]Rosequist also alleges a violation of his constitutional right to due process and various violations of NRS Chapter 38. However, these allegations are tied into the manner in which Local 1908 chose to represent him during the arbitration proceeding. Therefore, we conclude that these allegations involve the collective bargaining agreement and have neither constitutional implications, *see Armstrong v. Meyers*, 964 F.2d 948, 950 (9th Cir. 1992), nor seek relief outside of rights arising under the agreement.

[20]*Ewing v. Fahey*, 86 Nev. 604, 607, 472 P.2d 347, 349 (1970). *But cf. Dangberg v. Commissioners*, 27 Nev. 469, 472, 77 P. 984, 986 (1904).

[21]*See* Hearing on S.B. 87 Before the Senate Comm. on Federal, State and Local Governments, 55th Leg. (Nev., Feb. 25, 1969).

[22]*Clark Co. Sch. Dist. v. Local Gov't*, 90 Nev. 442, 445, 530 P.2d 114, 117 (1974).

itations, evidence, and hearings, along with the creation of the EMRB to oversee the Act's implementation, we conclude that it is counterintuitive to believe that the legislature created the EMRB to be merely a discretionary board. Rather, we conclude that the purpose of the EMRB is to apply expertise to labor disputes and assist in resolving them before they reach the courts.[23]

Moreover, we conclude that the use of the word ''may'' describes the discretionary authority vested in the EMRB to hear complaints—it does not grant discretion to a claimant on whether or not to file a complaint before the board in the first instance. Meaning, once the Act applies to a complaint, we conclude that the remedies provided under the Act and before the EMRB must be exhausted before the district court has subject matter jurisdiction.

## CONCLUSION

We conclude that Rosequist's complaint involves allegations of unfair representation against Local 1908 which arise under the Act and, therefore, are within the exclusive jurisdiction of the EMRB. We also conclude that Rosequist was required under the Act to exhaust his administrative remedies before the EMRB prior to filing his complaint in district court. Accordingly, we affirm the order of the district court dismissing Rosequist's complaint.

_____

[23]See Anderson, 31 Cal. Rptr. 2d at 413.