# IN THE SUPREME COURT OF THE STATE OF NEVADA

CLARK COUNTY,
Appellant,
vs.
MARK TANSEY,
Respondent.

No. 68951

**FILED**

MAR 0 1 2017



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___*S.Young*___
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment after bench trial and an order awarding back pay in a wrongful termination action. Eighth Judicial District Court, Clark County; Joseph T. Bonaventure, Judge.

Respondent Mark Tansey was employed as a code enforcement officer with appellant Clark County. Tansey was also a member of the collective bargaining agreement between Clark County and Service Employees International Union Local No. 1107 (the Union). According to the collective bargaining agreement, the Union is the sole and exclusive bargaining representative for various Clark County positions, including code enforcement officers. Tansey filed a grievance with the Union when Clark County terminated his employment. Ultimately, the Union did not request arbitration on Tansey's behalf. As a result, Clark County deemed Tansey's grievance as abandoned and finalized his termination. Tansey then filed a complaint with the Local Government Employee-Management Relations Board (the Board), asserting a hybrid action for breach of contract against Clark County and breach of the duty of fair representation against the Union. The Board dismissed his complaint on jurisdictional grounds, and the district court denied judicial review of the

17-06923

Board's decision. However, the district court ultimately determined it had jurisdiction over Tansey's hybrid action. After a bench trial, the district court found that the Union breached its duty of fair representation, and that Clark County breached its contract with Tansey by terminating him without just cause.

On appeal, Clark County argues that the district court lacked subject matter jurisdiction to hear Tansey's hybrid action because the Board has exclusive jurisdiction to determine whether the Union breached its duty of fair representation.[1] We disagree.

Subject matter jurisdiction is a question of law, which this court reviews de novo. *Ogawa v. Ogawa*, 125 Nev. 660, 667, 221 P.3d 699, 704 (2009). Further, we review a district court's factual findings for an abuse of discretion and will not set aside those findings unless they are clearly erroneous or not supported by substantial evidence. *Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105-06, 294 P.3d 427, 432 (2013).

Generally, this court has recognized that a union is subject to the duty of fair representation and the Board has exclusive jurisdiction to hear an employee's complaints against a union's breach of duty of fair representation. *See Rosequist v. Int'l Ass'n of Firefighters Local 1908*, 118

---

[1]We have considered Clark County's other arguments on appeal, including those concerning standing, and conclude that they lack merit. In particular, we note that Clark County's reliance on *Ruiz v. City of North Las Vegas*, 127 Nev. 254, 255 P.3d 216 (2011) is unpersuasive because it is distinguishable from this case. For instance, *Ruiz* did not concern a hybrid action, which involves a different legal analysis. Further, Tansey is not merely seeking judicial relief because he is unsatisfied with an arbitration decision or the outcome of negotiated grievance procedures. Instead, Tansey attempted to follow the available grievance procedure but was not sufficiently afforded the opportunity to pursue arbitration.

Nev. 444, 447-49, 49 P.3d 651, 653-54 (2002), *overruled on other grounds by Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 170 P.3d 989 (2007). The duty of fair representation arises under the Nevada Employee-Management Relations Act (EMRA). *Id.* at 449, 49 P.3d at 654. Conversely, the Board does not have jurisdiction for actions outside of the EMRA. *See* NRS 288.110(2); NAC 288.200(1)(c). Here, Tansey's complaint involved a hybrid action claiming a breach of the duty of fair representation against the Union and a breach of contract against Clark County. The EMRA is silent with regard to where a hybrid action should be filed. Thus, this case presents an issue of conflicting forums.[2]

While this court has not yet addressed the issue of where a hybrid action should be filed in Nevada, there is federal precedent that addresses this matter. In *Vaca v. Sipes*, 386 U.S. 171, 173 (1967), a discharged employee sued both his employer for wrongful discharge and his union for breach of its duty of fair representation in refusing to pursue a grievance to the final arbitration level. The Supreme Court of the United States granted the employee a right of action, determining that there was no basis for limiting the employee's available remedies. *Id.* at 196. In particular, the Court analyzed when an employee can be excused from using the contractual grievance process and resort to judicial enforcement. *Id.* at 184-86. The Court recognized that exceptions exist to provide an employee with this judicial remedy, such as when the union breaches its duty of fair representation. *Id.* at 185.

---

[2]We note that Tansey exhausted the available grievance procedure under the collective bargaining agreement, as the Union declined to bring his claim to arbitration and the Board dismissed his complaint. Thus, it was proper for the district court to entertain Tansey's claims.

 

Further, in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 165 (1983), the Supreme Court examined a hybrid action, specifically an action for breach of a collective bargaining agreement accompanied by a union's breach of its duty of fair representation. The Court reiterated that a rule prohibiting direct judicial enforcement of the collective bargaining agreement "works an unacceptable injustice" when the union breaches its duty of fair representation in connection with the grievance process. *Id.* at 164. "In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding." *Id.* Notably, the Court recognized that "the two claims are inextricably interdependent." *Id.* at 164-65 (internal quotation omitted). As a result, the employee "must not only show that [his] discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union." *Id.* at 165 (internal quotation omitted). "The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." *Id.* Thus, the Court determined that it is unreasonable to only allow an employee to bring a breach of duty of fair representation claim against a union when the union's breach is related to an employer's breach of the collective bargaining agreement. *Id.*

Here, the federal approach applies, as delineated by *Vaca* and *DelCostello*. Thus, we conclude that the district court had subject matter jurisdiction to hear Tansey's hybrid action. Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:    Chief Judge, The Eighth Judicial District Court
       Hon. Joseph T. Bonaventure, Senior Judge
       Clark County District Attorney
       Clark County District Attorney/Civil Division
       Law Office of Daniel Marks
       Eighth District Court Clerk