# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerald Watkins,                 :
           Appellant         :
                                      :
           v.                   : No. 807 C.D. 2018
                                      : Submitted: September 7, 2018
Pennsylvania Department of      :
Corrections, Secretary, John Wetzel,   :
Superintendent Robert Gilmore, et al.   :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION BY**
**SENIOR JUDGE COLINS**                         **FILED: October 18, 2018**

        This matter is an appeal filed by Gerald Watkins (Plaintiff), *pro se*, from an order of the Greene County Court of Common Pleas (trial court) dismissing his civil damages action *sua sponte* pursuant to the Prison Litigation Reform Act (PLRA).[1] For the reasons set forth below, we affirm.

        On March 13, 2017, Plaintiff, an inmate at the State Correctional Institution at Greene (SCI-Greene) under sentence of death, filed a *pro se* complaint against the Pennsylvania Department of Corrections (DOC), DOC Secretary John Wetzel, and Superintendent Robert Gilmore of SCI-Greene (collectively, Defendants). In his complaint, Plaintiff asserted claims under 42 U.S.C. § 1983 (Section 1983) for alleged violation of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution based on defendant Wetzel's signing of a Notice of Execution on December 2, 2015 scheduling

---

[1] 42 Pa. C.S. §§ 6601-6608.

Plaintiff's execution for January 19, 2016 and DOC's failure to remove him from "Phase 2" awaiting-execution status until Monday, December 7, 2015, after a stay of execution was ordered by the United States District Court for the Western District of Pennsylvania on Friday, December 4, 2015. (Complaint ¶¶1-2, 8-9, 11-12, 20.) Plaintiff's complaint pleaded claims against defendants Wetzel and Gilmore in both their official and personal capacity and sought as relief only monetary damages. (*Id.* at 1, 7 ¶¶23 & 25, 8.) On March 30, 2017, the trial court dismissed Plaintiff's complaint *sua sponte* for failure to state a claim upon which relief may be granted. Plaintiff timely filed the instant appeal.[2]

Before this Court, Plaintiff argues that 1) his complaint stated a valid Section 1983 claim against Defendants for violation of his federal constitutional rights; and 2) that if it did not, he should have been granted leave to amend the complaint. Neither of these arguments is meritorious.[3]

Section 6602(e) of the PLRA provides that "the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines [that] … (2) [t]he prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if

---

[2] Plaintiff appealed the trial court's order to the Superior Court, which transferred the appeal to this Court because it is an appeal in an action for damages against a Commonwealth agency and Commonwealth officers.

[3] Our review of the trial court's dismissal of this action is plenary. *McCool v. Department of Corrections*, 984 A.2d 565, 568 n.4 (Pa. Cmwlth. 2009). Although our conclusion that Plaintiff's complaint fails to state a cause of action is based on different grounds than those set forth by the trial court, this Court may affirm a trial court's order on other grounds where affirmance is required for different reasons than those on which it based its decision. *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1023 (Pa. Cmwlth. 2014); *Guy M. Cooper, Inc. v. East Penn School District*, 903 A.2d 608, 618 & n.9 (Pa. Cmwlth. 2006).

asserted, would preclude the relief." 42 Pa. C.S. § 6602(e)(2). Plaintiff's complaint constitutes "prison conditions litigation" under the PLRA, as it seeks damages for the actions of government parties that affected him as a prison inmate. 42 Pa. C.S. § 6601 (defining "prison conditions litigation" to include any "civil proceeding … with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison"). *Sua sponte* dismissal of Plaintiff's complaint was therefore proper if Plaintiff's complaint failed to state a cause of action or the action was otherwise barred as a matter of law. *Shore v. Department of Corrections*, 168 A.3d 374, 386-87 n.8 (Pa. Cmwlth. 2017); *McCool v. Department of Corrections*, 984 A.2d 565, 569 (Pa. Cmwlth. 2009).

> Section 1983 provides in relevant part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress .…

42 U.S.C. § 1983. Section 1983 claims may be brought in the courts of this Commonwealth and are not subject to state sovereign immunity defenses. *Howlett v. Rose*, 496 U.S. 356, 367-83 (1990); *Owens v. Shannon*, 808 A.2d 607, 610 (Pa. Cmwlth. 2002); *Heinly v. Commonwealth*, 621 A.2d 1212, 1215-16 (Pa. Cmwlth. 1993). A state or state agency, however, is not a "person" under Section 1983 and cannot be sued under Section 1983 for violation of federal constitutional rights. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64-71 (1989); *Flagg v. International Union, Security, Police, Fire Professionals of America, Local 506*, 146 A.3d 300, 305-07 (Pa. Cmwlth. 2016); *Pennsylvania Workers' Compensation*

3

*Judges Professional Association v. Executive Board of Commonwealth*, 39 A.3d 486, 493 (Pa. Cmwlth. 2012), *aff'd without op.*, 66 A.3d 765 (Pa. 2013); *Association of Settlement Companies v. Department of Banking*, 977 A.2d 1257, 1264 (Pa. Cmwlth. 2009) (*en banc*); *Verrichia v. Department of Revenue*, 639 A.2d 957, 962-64 (Pa. Cmwlth. 1994). Because DOC is a Commonwealth agency, Plaintiff as a matter of law has no cause of action against DOC. *Will*, 491 U.S. at 64-71; *Shore*, 168 A.3d at 386-87 n.8; *Association of Settlement Companies*, 977 A.2d at 1264.

Section 1983 actions against state officials in their official capacity that seek only monetary damages are equally barred, as such a suit against a state official in his official capacity constitutes suit against the state itself. *Will*, 491 U.S. at 71; *Flagg*, 146 A.3d at 305, 307; *Pennsylvania Workers' Compensation Judges Professional Association*, 39 A.3d at 492-93; *Verrichia*, 639 A.2d at 962-64. Because the complaint asserted only claims for money damages, Plaintiff's claims against defendants Wetzel and Gilmore in their official capacity likewise cannot state a cause of action under Section 1983. *Will*, 491 U.S. at 71; *Verrichia*, 639 A.2d at 962-64.

Plaintiff's complaint, however, also asserted claims against defendants Wetzel and Gilmore in their personal capacity. (Complaint at 1 (stating that action is filed against defendants "in their official and individual capacity").) A cause of action for damages under Section 1983 can be asserted against a state official in his personal capacity, even though the acts on which liability is based were in the course of his official duties. *Hafer v. Melo*, 502 U.S. 21, 25-31 (1991); *Flagg*, 146 A.3d at 305-07; *Schnupp v. Port Authority of Allegheny County*, 710 A.2d 1235, 1238-39 & n.4 (Pa. Cmwlth. 1998). We therefore must examine whether the complaint stated

4

a claim against these two individual defendants for violation of Plaintiff's federal constitutional rights. We conclude that it did not.

Plaintiff's complaint alleged that defendant Wetzel's signing of the Notice of Execution on December 2, 2015 violated his constitutional rights because it was issued in violation of a February 2005 federal stay of execution order. (Complaint ¶¶3, 13 & Exs. 9 & 13.) It is clear, however, from the February 2005 stay order and the December 2015 stay motion that the February 2005 stay order was not in effect in 2015.[4] The February 2005 stay order stayed Plaintiff's execution, scheduled for March 29, 2005, pending adjudication of a habeas corpus petition filed by Plaintiff in 2005. (2/28/05 Stay Order, attached to Appellant's Br.) That 2005 habeas corpus petition was dismissed by the federal court without prejudice later in 2005. (2015 Stay Motion ¶1, attached to Plaintiff's Complaint as Ex. 3.) There is therefore no basis for Plaintiff's claim that Notice of Execution was unconstitutional.

The other act that Plaintiff alleges violated his constitutional rights was DOC's failure to remove him from awaiting-execution status for three days after a stay of execution was granted. This claim does not state a cause of action against defendant Wetzel or defendant Gilmore because Plaintiff does not allege that either of these individual defendants himself delayed transmission of the December 4, 2015 stay order or failed to remove Plaintiff from awaiting-execution status after learning that the stay had been issued. Rather, he alleges that DOC intentionally disregarded the December 4, 2015 stay order until December 7, 2015 and seeks to impose vicarious liability for that conduct on defendants Wetzel and Gilmore based on the

---

[4] Where, as here, a claim is based on written documents, the Court may consider those documents in determining whether a complaint states a cause of action. *Richardson v. Wetzel*, 74 A.3d 353, 358 n.4 (Pa. Cmwlth. 2013); *Barndt v. Department of Corrections*, 902 A.2d 589, 591-92 n.2 (Pa. Cmwlth. 2006).

positions that they hold at DOC and SCI-Greene. (Complaint ¶¶8-9, 11-12, 17-18, 23, 25 & Exs. 9 & 11; *see also* Appellant's Br. at 5 (characterizing the basis of this claim as "staff's Intentional and deliberate malfeasance [*sic*]").) Claims for money damages for violation of constitutional rights cannot be based on vicarious liability or *respondeat superior*; to state such a cause of action against a government official under Section 1983, the plaintiff must allege that the individual defendant was personally involved in the alleged wrongs. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Bush v. Veach*, 1 A.3d 981, 986 (Pa. Cmwlth. 2010); *Murray v. Wetzel*, (Pa. Cmwlth., 542 M.D. 2017, filed August 8, 2018), slip op. at 6-10, 17;[5] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Because Plaintiff did not state a cause of action against any defendant, the trial court did not err in dismissing the complaint *sua sponte*. 42 Pa. C.S. § 6602(e)(2).

The trial court also did not err in failing to grant Plaintiff leave to amend his complaint. Leave to amend a complaint is properly denied where the amendment sought by the plaintiff would be futile. *Carlino v. Whitpain Investors*, 453 A.2d 1385, 1388-89 (Pa. 1982); *Sobat v. Borough of Midland*, 141 A.3d 618, 627 (Pa. Cmwlth. 2016); *Wiernik v. PHH U.S. Mortgage Corp.*, 736 A.2d 616, 624 (Pa. Super. 1999). Here, no amendment could change the fact that DOC, as a state agency, is not subject to suit. Moreover, the only averments that Plaintiff seeks to add by amendment concern conduct of non-party DOC guards and the harm that he contends that he suffered, not averments that defendant Wetzel or defendant Gilmore knowingly delayed changing his status after the December 4, 2015 stay order. (Appellant's Br. at 4-6.)

---

[5] Because it is an unreported decision, this opinion is not binding precedent, but is considered by the Court for its persuasive value. 210 Pa. Code § 69.414(a).

For the foregoing reasons, we affirm the trial court's order dismissing Plaintiff's complaint for failure to state a claim.


_____
**JAMES GARDNER COLINS, Senior Judge**

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Gerald Watkins,<br>        Appellant | : <br> : <br> : |
| v. | : No. 807 C.D. 2018<br> : |
| Pennsylvania Department of<br>Corrections, Secretary, John Wetzel,<br>Superintendent Robert Gilmore, et al. | : <br> : <br> : |

## ORDER

AND NOW, this 18ᵗʰ day of October, 2018, the order of the Greene County Court of Common Pleas in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**