**135 Nev., Advance Opinion 6**

# IN THE COURT OF APPEALS OF THE STATE OF NEVADA

TEDDIE C. CRAIG,
Appellant,
vs.
DR. DONNELLY; NURSE
BALLANTYNE; NURSE NANCY;
NURSE DONNELLY; AND SGT.
CHAPPY,
Respondents.

No. 75050-COA

FILED

FEB 28 2019



Appeal from a district court order dismissing a civil rights and torts action. Eleventh Judicial District Court, Pershing County; Jim C. Shirley, Judge.

*Affirmed in part, reversed in part, and remanded.*

Teddie C. Craig, Carson City,
in Pro Se.

Aaron Ford, Attorney General, and Frank A. Toddre II, Senior Deputy Attorney General, Carson City,
for Respondents.

BEFORE DOUGLAS, A.C.J., TAO and GIBBONS, JJ.

## OPINION

PER CURIAM:

In this appeal, we consider whether a plaintiff must comply with the jurisdictional naming requirement set forth in NRS 41.031 and NRS 41.0337 in order to properly proceed with civil rights claims brought

19-09141

pursuant to 42 U.S.C. § 1983. NRS 41.031 and NRS 41.0337 require plaintiffs bringing state tort claims against the State of Nevada and state employees to comply with certain requirements—particularly, naming the State as a party to the action—in order to properly invoke the State's waiver of sovereign immunity. Under 42 U.S.C. § 1983, plaintiffs may bring claims for damages against any person who, under color of state law, deprives the plaintiff of his or her civil rights. And it is well established that the State is not considered a "person" for the purposes of bringing a § 1983 claim; thus, such claims cannot be maintained against the State.

At issue here is how NRS 41.031 and NRS 41.0337's requirement that the State be named as a party to invoke a waiver of Nevada's sovereign immunity operates when a plaintiff brings an action against state employees pursuant to both NRS Chapter 41 and 42 U.S.C. § 1983. We hold that, while a plaintiff must name the State as a party to any state tort claims in order to comply with NRS 41.031 and NRS 41.0337, this statutory requirement does not apply to 42 U.S.C. § 1983 claims, even when brought in the same complaint as a plaintiff's state tort claims. Indeed, the State cannot be named as a party to a plaintiff's § 1983 civil rights claims.

In this case, plaintiff's complaint arguably asserted both state tort claims and 42 U.S.C. § 1983 claims against the respondent state employees, but did not name the State of Nevada as a party to any of these claims. Accordingly, we affirm the district court's order dismissing the complaint to the extent plaintiff asserted state tort claims under NRS 41.031 and NRS 41.0337, but reverse and remand the district court's dismissal as to those claims made pursuant to 42 U.S.C. § 1983.

## BACKGROUND

Plaintiff Teddie Craig is an inmate at the Lovelock Correctional Center. Craig filed a civil rights and torts complaint pursuant to 42 U.S.C. § 1983 and NRS 41.031 naming respondents, who are employees of the Nevada Department of Corrections, as defendants in their individual capacities and alleging that these parties violated his First, Eighth, and Fourteenth Amendment rights under the United States Constitution.

Respondents subsequently moved to dismiss the complaint, arguing that Craig failed to properly name the State of Nevada as required by NRS 41.031 and NRS 41.0337, and therefore, failed to invoke the State's waiver of sovereign immunity such that the district court lacked jurisdiction over the matter. Craig opposed the motion, arguing that the prison, as an arm of the State, is not a person for purposes of 42 U.S.C. § 1983, and asserting that, as a result, he was withdrawing his reliance on NRS 41.031 as a basis for the action. Craig also moved to strike any reference to NRS 41.031 as a basis for his complaint for the purpose of giving the district court jurisdiction over his § 1983 claims.

The district court granted respondents' motion to dismiss, concluding that Craig failed to name the State of Nevada in his complaint, as required by NRS 41.031, and that he therefore failed to properly invoke the State's waiver of sovereign immunity. Based on this determination, the district court held that it lacked subject matter jurisdiction over the case, noting that Craig could not plead around this jurisdictional defect by attempting to strike the reference to the relevant statute.

Craig now appeals, contending that the district court erred in dismissing his case because he brought federal civil rights claims under 42 U.S.C. § 1983. Respondents disagree, arguing that dismissal was proper because Craig failed to properly invoke the State's waiver of sovereign

immunity under NRS 41.031, and therefore, the district court did not have jurisdiction over the case.

## ANALYSIS

The district court may properly dismiss a complaint when a lack of subject matter jurisdiction is apparent on the face of the complaint. *Rosequist v. Int'l Ass'n of Firefighters Local 1908*, 118 Nev. 444, 448, 49 P.3d 651, 653 (2002), *overruled on other grounds by Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 573 n.22, 170 P.3d 989, 995 n.22 (2007); *see* NRCP 12(h)(3). This court reviews a district court's order granting a motion to dismiss for lack of subject matter jurisdiction de novo. *See Am. First Fed. Credit Union v. Soro*, 131 Nev. 737, 739, 359 P.3d 105, 106 (2015) (reviewing a district court order dismissing a case for lack of subject matter jurisdiction de novo).

By statute, the State of Nevada has waived its sovereign immunity from civil liability in limited circumstances. *See* NRS 41.031. NRS 41.031 provides that, to properly invoke the State's waiver of immunity and pursue a civil action against the State, a plaintiff must name "the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit." Additionally, NRS 41.0337 requires that, to pursue a tort claim against a state employee, the complaint must name the State as a party pursuant to NRS 41.031. Thus, NRS 41.031 and NRS 41.0337 require that, to pursue a claim against the State or a state employee acting within the scope of his or her employment, a plaintiff must name the State of Nevada as a defendant.

Here, Craig's complaint set forth 42 U.S.C. § 1983 claims while also providing that jurisdiction for his claims existed under NRS 41.031. And the district court dismissed the complaint, in its entirety, for failure to name the State of Nevada as a party pursuant to NRS 41.031.

Insofar as Craig's complaint can be read to have asserted state tort claims against the respondent state employees pursuant to NRS 41.031, dismissal as to those claims was required.[1] As detailed above, NRS 41.031 and NRS 41.0337 require that the State, on relation of the particular department, be named as a party to any complaint setting forth tort claims against state employees. And here, it is undisputed that Craig failed to name the State as a party to the action. Accordingly, the district court was required to dismiss any state tort claims that Craig brought against respondents for lack of subject matter jurisdiction. *See* NRS 41.031; NRS 41.0337; *Rosequist*, 118 Nev. at 448, 49 P.3d at 653.

This does not end our analysis, however, as the district court went on to determine that NRS 41.031 and NRS 41.0337 also required dismissal of Craig's 42 U.S.C. § 1983 claims for failing to name the State as a party. The Nevada appellate courts have not addressed whether NRS 41.031 and NRS 41.0337 require a plaintiff to name the State as a party to § 1983 claims brought against state employees in their individual capacities, and we take this opportunity to provide guidance on this issue.

42 U.S.C. § 1983 allows a plaintiff to bring civil rights claims against any person who, under color of any statute, deprives the plaintiff of any rights, privileges, or immunities secured by the United States Constitution. 42 U.S.C. § 1983. Importantly, states are not "persons" for

---

[1] It is not clear that Craig actually asserted any state tort claims in his complaint, as he appears to only assert constitutional violations as causes of action. Indeed, Craig's complaint was filed using a standard form entitled, "Civil Rights Complaint pursuant to 42 U.S.C. § 1983" and Craig merely included NRS 41.031 as an additional statute providing jurisdiction. Nonetheless, to the extent his complaint could be read as including state tort claims, Craig waived them in his opposition to the motion to dismiss.

purposes of 42 U.S.C. § 1983 actions, and thus, a plaintiff cannot bring a § 1983 action against a state. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-70 (1989).

Similarly, when state officials or employees are sued in their official capacities, such actions are truly against the office, not the individual, such that the action is effectively against the state itself. *Id.* at 71; *see also N. Nev. Ass'n of Injured Workers v. Nev. State Indus. Ins. Sys.*, 107 Nev. 108, 114-15, 807 P.2d 728, 732 (1991) (applying *Will* to determine that § 1983 claims could not be maintained against a Nevada state agency or state officials and employees in their official capacities). Therefore, state officials and employees are likewise not "persons" for purposes of § 1983 actions when sued in their official capacities and such claims cannot be brought against them in this capacity. *Will*, 491 U.S. at 71; *N. Nev. Ass'n of Injured Workers*, 107 Nev. at 114-15, 807 P.2d at 732.

Because neither the State nor state employees in their official capacities can be proper defendants to 42 U.S.C. § 1983 claims, NRS 41.031 and NRS 41.0337 necessarily do not apply to such claims. As a result, the respondent state employees, in their individual capacities, were the proper defendants to Craig's § 1983 claims, not the State. *See Hafer v. Melo*, 502 U.S. 21, 27-28 (1991) (holding that state officials may be sued in their personal or individual capacities under § 1983, even if their actions were taken as part of their official duties).

Beyond the fact that 42 U.S.C. § 1983 claims cannot be maintained against the State, to the extent that dismissal of Craig's § 1983 claims based on a failure to invoke Nevada's sovereign immunity under NRS 41.031 and NRS 41.0337 would provide immunity over and above what is already provided by § 1983, such an application of Nevada's statutes

would violate the supremacy clause of the United States Constitution. *See Howlett v. Rose*, 496 U.S. 356, 375 (1990) (explaining that § 1983 claims may be brought in state courts and are not subject to state sovereign immunity defenses because allowing "immunity over and above those already provided in § 1983 . . . directly violates federal law"); *Martinez v. Cal.*, 444 U.S. 277, 284 n.8 (1980) (explaining that "[c]onduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law" because it would violate the supremacy clause (internal quotation marks omitted)). As a result, NRS 41.031 and NRS 41.0337 cannot bar Craig from pursuing his 42 U.S.C. § 1983 claims against the respondent state employees, in their individual capacities, on sovereign immunity grounds.[2]

Thus, when a plaintiff seeks to bring both state tort claims and 42 U.S.C. § 1983 claims against state employees, the claims should be structured as follows. Any state tort claims must name not only the state employees, but must also include the State, on relation of the particular department, as a party to those particular claims in order to comply with NRS 41.031 and NRS 41.0337 and perfect a waiver of Nevada's sovereign immunity. Any claims brought pursuant to § 1983, however, need only name the state employees, in their individual capacities, as parties to the

---

[2]We note that our conclusion on this point is in line with those reached by several of our sister states who have addressed similar questions. *See, e.g., Besser v. Dexter*, 589 N.E.2d 77, 79 (Ohio Ct. App. 1990) ("The procedure set forth in [Ohio's waiver of sovereign immunity statute] applies to state law claims against the state of Ohio and/or its employees. It has no application to federal claims whether brought in federal or state court. . . ."); *Watkins v. Pa. Dep't of Corr.*, 196 A.3d 272, 274 (Pa. Commw. Ct. 2018) ("Section 1983 claims may be brought in the courts of this Commonwealth and are not subject to state sovereign immunity defenses.").

§ 1983 claims. The plaintiff need not—and indeed cannot—name the State as a party to the 42 U.S.C. § 1983 claims.

## CONCLUSION

Based on the foregoing analysis, we conclude that, while the district court properly dismissed any state tort claims brought against the respondent state employees for failing to name the State as a party as required by NRS 41.031 and NRS 41.0337, it erred in applying these statutes to dismiss Craig's 42 U.S.C. § 1983 claims. With regard to the § 1983 claims, Craig's complaint properly named the state employees, in their individual capacities, as parties and not the State, as required to bring claims under § 1983. Accordingly, we affirm the dismissal of any state tort claims in Craig's complaint, but reverse and remand the dismissal of Craig's complaint as to his 42 U.S.C. § 1983-based causes of action.[3]

_____, A.C.J.
Douglas

_____, J.
Tao

_____, J.
Gibbons

---

[3]In light of our resolution of this case, we deny all other requests for relief currently pending in this matter.