135 Nev., Advance Opinion 33

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CITY OF MESQUITE,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE GLORIA STURMAN, DISTRICT JUDGE,<br>Respondents,<br>  and<br>DOUGLAS SMAELLIE,<br>Real Party in Interest. | No. 75743<br><br>FILED<br><br>AUG 01 2019<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY *S. Young*<br>DEPUTY CLERK |

Original petition for a writ of mandamus or, alternatively, prohibition, challenging a district court order denying a motion to dismiss in an employment matter.

*Petition granted.*

Erickson Thorpe & Swainston, Ltd., and Rebecca Bruch and Charity F. Felts, Reno,
for Petitioner.

Law Office of Daniel Marks and Daniel Marks and Adam Levine, Las Vegas,
for Real Party in Interest.

Allison MacKenzie, Ltd., and S. Jordan Walsh, Carson City,
for Amici Curiae Carson City School District, City of Sparks, Eureka County School District, Humboldt County, Humboldt County School District, Lander County School District, Lincoln County School District, Lyon County, and Truckee Meadows Water Authority.

Steven B. Wolfson, District Attorney, and Scott Davis, Deputy District Attorney, Clark County,
for Amicus Curiae Clark County.

Mark Jackson, District Attorney, and Douglas Ritchie, Chief Deputy District Attorney, Douglas County,
for Amicus Curiae Douglas County.

---

BEFORE THE COURT EN BANC.

## OPINION

By the Court, HARDESTY, J.:

The question presented in this petition is what statute of limitations applies to a local government employee's complaint alleging both that the employer breached the collective bargaining agreement and that the union breached its duty of fair representation. The district court applied the six-year statute of limitations for contract claims. The employer, petitioner City of Mesquite, argues that the claims are subject to a six-month limitations period under Nevada's Local Government Employee-Management Relations Act (EMRA) and federal labor law. However, without reaching the statute of limitations questions, we take this opportunity to clarify that there is no private cause of action to enforce a claim against a union for breach of the duty of fair representation in the first instance. Instead, the EMRA affords a local government employee an administrative process to bring such a claim. We conclude that the exclusive original jurisdiction over a claim against a union for breach of the duty of fair representation is vested in the Employee-Management Relations Board (EMRB), and district courts only have jurisdiction to review the EMRB's decision. Because our previous decision in this case may

have suggested that both claims could proceed in the district court, and the parties and district court appear to have relied on that order, we exercise our discretion to consider the City's petition for a writ of mandamus and clarify the law.

## FACTS AND PROCEDURAL HISTORY

The City of Mesquite employed real party in interest Douglas Smaellie as a police officer. A collective bargaining agreement between the City and the Mesquite Police Officer's Association (the Union) prohibited the City from terminating officers without cause and provided that off-duty arrests were not grounds for termination.[1] In February 2013, the City terminated Smaellie's employment based on his arrest while off duty. Smaellie filed a grievance with the Union and asked the Union to advance his grievance to arbitration. In April 2013, the Union declined to pursue arbitration because its legal defense coverage did not include off-duty conduct. Smaellie then asked the City to arbitrate his termination, but the City refused because only the Union could invoke arbitration under the collective bargaining agreement.

In February 2014, Smaellie filed a complaint against the City in district court alleging that the City breached the express terms of the collective bargaining agreement by terminating him without cause. Smaellie also alleged that he had attempted to exhaust his available remedies but had been prevented from doing so by the Union and/or the City. The district court dismissed the case with prejudice after concluding that Smaellie failed to demonstrate that he had standing as a third-party beneficiary of the collective bargaining agreement.

---

[1]For the purposes of this opinion, we accept as true all of the facts alleged in the complaint.

Smaellie appealed, and we affirmed in part the district court's dismissal of the complaint but concluded the dismissal should have been without prejudice, as it was based on standing. *See Smaellie v. City of Mesquite*, Docket No. 69741 (Order Affirming in Part and Vacating in Part, April 17, 2017). We explained that, in addition to not alleging that he was a third-party beneficiary, Smaellie failed to allege that the Union had breached its duty of fair representation, which is a required component of a "hybrid" action.[2] In so explaining, this court relied upon federal labor law, and also cited *Clark County v. Tansey*, Docket No. 68951 (Order of Affirmance, March 1, 2017), for the conclusion that "the district court had subject matter jurisdiction to hear an employee's hybrid action against his employer for breach of the collective bargaining agreement and his union for breach of the duty of fair representation."

In August 2017, following the first appeal, Smaellie filed a new complaint against the City, in which he alleged that the City breached the collective bargaining agreement and that the Union, which had the sole right to invoke arbitration, breached its duty of fair representation by refusing to advance his grievance to arbitration. The City moved to dismiss for failure to state a claim upon which relief may be granted, arguing that Smaellie's claim as to the Union was time-barred because it was not filed within six months as required under the EMRA and federal labor law, and that Smaellie's claim against the City could not advance because it was

---

[2]In the federal scheme, a "hybrid" action consists of two separate but "inextricably interdependent" claims: a claim that the employer breached the collective bargaining agreement, and a claim that the union breached its duty of fair representation by failing to adequately pursue a grievance or arbitration on the employee's behalf. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983).

dependent on the time-barred claim against the Union. The district court denied the City's motion to dismiss, finding that the six-year limitations period for actions based in contract applied.

The City filed the instant petition seeking a writ of prohibition or, alternatively, mandamus, in which it asks us to vacate the district court's order denying its motion to dismiss and to clarify which statute of limitations applies to this "hybrid" action.

Amici curiae, a collection of municipal and county entities, filed a brief arguing that Nevada law requires a breach-of-the-duty-of-fair-representation claim to be brought before the EMRB within six months after it arises; that the EMRB has exclusive original jurisdiction over such a claim; and that federal labor law allowing a private-sector employee to bring an unfair representation claim as part of a hybrid action in court without first exhausting administrative remedies does not apply in the public sector. In light of the arguments raised by the amici, we ordered the parties to provide supplemental briefing on the applicability of federal "hybrid" action law in the state public-sector context.

## DISCUSSION

*We elect to exercise our discretion to consider the petition*

Writ relief is an extraordinary remedy, and it is within our discretion whether to entertain a petition seeking that relief. *Renown Reg'l Med. Ctr. v. Second Judicial Dist. Court*, 130 Nev. 824, 827, 335 P.3d 199, 201 (2014). A writ of prohibition is used to restrain a district court from acting in excess of its jurisdiction. *See* NRS 34.320. A writ of mandamus is used "to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (footnote omitted);

SUPREME COURT
OF
NEVADA

(O) 1947A

*see also* NRS 34.160. For a writ to issue, there must be "no plain, speedy, and adequate remedy at law." *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991); *see also* NRS 34.170; NRS 34.330. An appeal after final judgment usually constitutes an adequate and speedy legal remedy, and "we generally decline to consider writ petitions that challenge interlocutory district court orders denying motions to dismiss." *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. However, we will exercise our discretion to consider a petition denying a motion to dismiss when "an important issue of law needs clarification and considerations of sound judicial economy and administration militate in favor of granting the petition." *Id.* at 197-98, 179 P.3d at 559.

In this case, the district court denied the City's motion to dismiss after determining that the six-year statute of limitations for actions arising from a contract controlled in this case and finding that the suit was not time-barred. *See* NRS 11.190(1)(b). The City and the amici take issue with the district court's reliance on the six-year statute of limitations, instead arguing that the governing limitations period is the six-month period used for unfair labor practice complaints filed before the EMRB. *See* NRS 288.110(4). We have not addressed the statute of limitations for an action that alleges both a breach-of-collective-bargaining claim and a breach-of-duty-of-fair-representation claim. Furthermore, we are concerned that our previous order in this matter may have misled the parties and the district court about the law surrounding "hybrid" actions in the state public-sector context. Thus, in the interest of judicial economy and to clarify the "hybrid" action for state public-sector cases, we exercise our discretion to consider the petition. *Renown*, 130 Nev. at 828, 335 P.3d at

202; *Las Vegas Sands Corp. v. Eighth Judicial Dist. Court*, 130 Nev. 578, 581, 331 P.3d 876, 878 (2014).

*No private cause of action exists to pursue a claim for breach of duty of fair representation brought in the district court in the first instance*

The issue raised in this writ petition—what statute of limitations applies to a "hybrid" action filed by a public employee in district court—presupposes that both claims comprising the "hybrid" action can be brought in a complaint filed in district court. However, as the EMRA's statutory scheme and our labor law jurisprudence make clear, a public employee has no private cause of action against a union for breach of the duty of fair representation. Rather, a public employee's right to fair representation arises under the EMRA, and, as we have previously held, the EMRB has exclusive original jurisdiction over any unfair labor practice arising under the EMRA, including a claim that the union breached its duty of fair representation. *Rosequist v. Int'l Ass'n of Firefighters Local 1908*, 118 Nev. 444, 447-49, 49 P.3d 651, 653-54 (2002) (citing NRS 288.110 and NRS 288.270(2)(a)), *overruled on other grounds by Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 573 n.22, 170 P.3d 989, 995 n.22 (2007). Furthermore, an employee must exhaust the administrative remedies set forth in the EMRA before seeking relief in the district court. *See City of Henderson v. Kilgore*, 122 Nev. 331, 336-37 & n.10, 131 P.3d 11, 14-15 & n.10 (2006). This means that the employee must present the fair-representation claim to the EMRB within six months of it arising. NRS 288.110(4); *see also Rosequist*, 118 Nev. at 450-51, 49 P.3d at 655. If the employee is aggrieved by the EMRB's decision, the employee then may seek judicial review of the EMRB's decision. NRS 288.130. Thus, when it comes to a fair-representation claim, the district court's jurisdiction is limited to reviewing the EMRB's decision.

Here, it is undisputed that Smaellie did not file a complaint with the EMRB; rather, he sought relief against the Union by filing a complaint directly in the district court. As explained above, the district court does not have jurisdiction over the fair-representation claim.[3]

Smaellie contends that the United States Supreme Court recognized in *Vaca v. Sipes*, 386 U.S. 171, 173 (1967), that an employee may bring a "hybrid" action in court without first exhausting administrative remedies. In *Vaca*, the Court held that a private-sector employee who alleged wrongful discharge against an employer, but who was prevented from exhausting the remedies under the collective bargaining agreement due to the union's refusal to pursue a grievance, could bring a hybrid claim in court and was not required to exhaust the fair-representation claim before the National Labor Relations Board (NLRB). 386 U.S. at 173, 175-76; *see also DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983). That decision was grounded in the concern that though the federal labor statutes authorized an employee to sue his employer for breach of the collective bargaining agreement, no statutory provision allowed the court to enforce the union's duty of fair representation, and the NLRB had

---

[3]The jurisdictional defect did not preclude Smaellie from bringing his claim against the City for breach of the collective bargaining agreement. But where the collective bargaining agreement contains an exclusive grievance and arbitration procedure, any claim that the employer breached the collective bargaining agreement will necessarily depend on a showing that the union breached its duty of fair representation so as to excuse the employee from exhausting the grievance and arbitration procedures before suing the employer. Thus, without first raising the fair-representation claim through the administrative process provided by the EMRA and proving that the union breached its duty during the grievance or arbitration process, the employee cannot succeed on the merits of the contract claim against the employer.

unreviewable discretion to refuse to institute a complaint. *Vaca*, 386 U.S. at 181-84. Thus, to avoid leaving the employee "remediless," the Court recognized a cause of action, known as a "hybrid" claim, whereby the employee could allege and prove in court both the employer's breach of the collective bargaining agreement and the union's breach of the duty of fair representation. *Id.* at 185-86; *DelCostello*, 462 U.S. at 164-65.

We have clear precedent rejecting *Vaca* and its judicially created "hybrid" action with respect to claims arising from the EMRA. In *Rosequist*, the employee had filed a complaint in district court against his public employer and union, alleging, among other things, a breach of the collective bargaining agreement against the employer and a breach of the duty of fair representation against the union. 118 Nev. at 447, 49 P.3d at 653. We held that the district court correctly dismissed the employee's claim against the union because the EMRA required him to bring that claim before the EMRB. *Id.* at 449, 49 P.3d at 654. While we noted the holding in *Vaca*, we declined to apply it because the concerns underlying *Vaca* were not implicated under Nevada's EMRA, which requires the EMRB to consider a timely filed unfair labor practices complaint and provides for judicial review of the EMRB's decisions. *Id.* at 449-50, 49 P.3d at 654.

More recently, however, in an unpublished order, this court applied *Vaca* to find that the district court had jurisdiction to adjudicate a public employee's "hybrid" action—both the claim against the employer for breach of a collective bargaining agreement and the claim against the union for breach of its duty of fair representation. *Clark Cty. v. Tansey*, Docket No. 68951 (Order of Affirmance, March 1, 2017). However, the *Tansey* order did not recognize the differences between the federal statutory scheme addressed in *Vaca* and the EMRA's statutory scheme or our prior decision

in *Rosequist* that rejected *Vaca* based on those differences. Because our citation to the *Tansey* order when we resolved Smaellie's first appeal may have implied that the instant action is properly before the district court, we take this opportunity to disavow *Tansey* and clarify that a fair-representation claim must be raised before the EMRB within the six-month period prescribed in the EMRA, *see* NRS 288.110(4), and may be brought before the district court only by way of a petition for judicial review of an adverse decision by the EMRB, *see* NRS 288.130. As this court already determined in *Rosequist*, the concerns underlying the Supreme Court's holding in *Vaca* are not present in Nevada's public-sector labor law. The EMRA statutory scheme and caselaw make clear that the EMRB is statutorily required to hear and resolve complaints alleging breach of duty of fair representation, *Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 963, 194 P.3d 96, 103 (2008), and its decisions are subject to judicial review. Because Smaellie did not raise his claim for breach of the duty of fair representation before the EMRB, the dependent claim for breach of contract was not properly before the district court in the first instance.

## CONCLUSION

*Rosequist* established that the EMRB has exclusive original jurisdiction over a claim for breach of the duty of fair representation, even when that claim is a necessary predicate to pursue a claim for breach of a collective bargaining agreement. Thus, there is no private right for a local government employee to pursue a fair-representation claim in the district court in the first instance, and there is no basis to allow Smaellie to proceed on that claim in the district court. Accordingly, we grant the City's petition and direct the clerk of this court to issue a writ of mandamus instructing

the district court to vacate its order denying the City's motion to dismiss and to proceed consistent with this opinion.[4]

_____, J.
Hardesty

We concur:

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____

[4]Given our disposition, we do not address which statute of limitations applies to a claim against an employer for breach of a collective bargaining agreement following an EMRB decision.

Supreme Court
of
Nevada

(O) 1947A

11