NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS CRUZ; LAURA J. BUCKLEY, Plaintiffs-Appellants, v. JOSEPH DECKER, Defendant-Appellee. | No. 20-15745 D.C. No. 2:19-cv-00265-JAD-NJK MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted March 10, 2021
Las Vegas, Nevada

Before: CLIFTON, NGUYEN, and BENNETT, Circuit Judges.

Plaintiffs Douglas Cruz and Laura Buckley appeal the district court's dismissal of their lawsuit brought under 42 U.S.C. § 1983 on account of defendant Joseph Decker's qualified immunity. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018), we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Olivier v. Baca*, 913 F.3d 852, 860 (9th Cir. 2019) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). "For a right to be 'clearly established,' existing 'precedent must have placed the statutory or constitutional question beyond debate,' such that 'every' reasonable official would have understood that he was violating a clearly established right." *Id.* (quoting *al-Kidd*, 563 U.S. at 741).

1. *In re Stratton*, No. A-16-738866-J (Nev. Dist. Ct. Mar. 21, 2017), did not clearly establish that Decker was obligated to update the actuarial table used to calculate lump sum payments of permanent partial disability awards. "[A] district judge's *ipse dixit* of a holding is not 'controlling authority' in any jurisdiction," and a single trial court ruling "falls far short of what is necessary" to clearly establish a legal rule "absent controlling authority: a robust 'consensus of cases of persuasive authority.'" *al-Kidd*, 563 U.S. at 741–42 (quoting *Wilson v. Layne*, 526 U.S. 603, 617 (1999)).

*Stratton* was not "a controlling command to Decker" personally, as plaintiffs argue, because Decker was not a party to that litigation in his individual capacity. The relevant party was either the Nevada Division of Industrial Relations ("DIR"),

2

a state agency, or Decker in his official capacity as the DIR Administrator, which is the same thing. *See Craig v. Donnelly*, 439 P.3d 413, 416 (Nev. Ct. App. 2019) ("[W]hen state officials or employees are sued in their official capacities, such actions are truly against the office, not the individual, such that the action is effectively against the state itself." (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989))).

Nor is it of any consequence that *Stratton* placed DIR under a legal obligation to update the actuarial table for the purpose of recalculating Larry Stratton's award. Even assuming that Decker personally had an obligation to ensure that DIR complied with the *Stratton* order in less than nine months, as plaintiffs assert, that obligation sheds no light on whether it was clearly established that *Stratton* was correct as a matter of Nevada law. It is not enough that Decker violated a legal duty to comply with a court order if his noncompliance with that order was not the basis of the § 1983 suit. *See Davis v. Scherer*, 468 U.S. 183, 193–96 (1984).

2. The statutory amendment also did not clearly establish that Decker violated a legal duty. While the amended statute provided that the actuarial table "must be adjusted . . . on July 1 of each year," Nev. Rev. Stat. § 616C.495(5) (2017), it was reasonably uncertain whether the first adjustment was required in 2017 or 2018. For DIR to have acted by July 1, 2017, it would have had to bypass

3

the procedures for promulgating new regulations normally required by Nevada's Administrative Procedure Act.  If the state legislature expected such a deviation, it likely would have expressed its intent more clearly.

**AFFIRMED.**