James Yannaccone           :
           :
      v.           :
           :
Lewis Township Board of        :
Supervisors,           :   No. 856 C.D. 2020
         Appellant    :   Submitted: March 5, 2021


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                       FILED: April 30, 2021

The Lewis Township (Township) Board of Supervisors (Board) appeals from the Northumberland County (County) Common Pleas Court's (trial court) July 31, 2020 order granting James Yannaccone's (Yannaccone) Motion for Summary Judgment (Summary Judgment Motion). The Board presents three issues for this Court's review: (1) whether the trial court erred or abused its discretion by granting the Summary Judgment Motion where there is a dispute as to a material fact relating to whether Township Zoning Ordinance 2019-14 (Ordinance) was a zoning ordinance amendment or an entirely new zoning ordinance; (2) whether the trial court erred or abused its discretion by granting the Summary Judgment Motion where there is a dispute as to a material fact relating to whether the public notice contained a sufficient brief summary of the proposed amendments pursuant to Section 610(a) of the Pennsylvania Municipalities Planning Code (MPC);[1] and (3)

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10610(a).

whether the trial court erred by granting the Summary Judgment Motion because the Board did not involve the Township's Zoning Ordinance Committee (ZOC) or hold at least one public meeting pursuant to public notice. After review, this Court affirms.

**Background**

Since approximately 2005, the Township and Turbotville Borough (Turbotville) participated as a joint planning commission (Joint Commission) for zoning and land use planning. At that time, the Township did not have a separate planning commission. By October 7, 2013 letter, the Board notified Turbotville that it would withdraw from the "Joint Municipal Zoning Ordinance [(Joint Ordinance),]" effective January 1, 2015. Reproduced Record (R.R.) at 30a. The Board subsequently hired consultant KPI Engineering (KPI) to draft a new zoning ordinance exclusively for the Township. Correspondingly, the Township formed ZOC, consisting of Board members, Joint Commission members and Township residents, to provide KPI input during the proposed ordinance drafting process. ZOC met several times in early- to mid-2014 to review KPI's proposed ordinance, which KPI eventually presented to the Board.

The Board sent copies of the proposed ordinance to the Joint Commission and the County Planning Commission, both of which provided comments to the Board. The Board published notice of a public hearing scheduled on the proposed ordinance for August 14, 2014, in the *Milton Standard Journal*. Township property owners, including Yannaccone, attended the August 14, 2014 hearing. The Board adopted the new zoning ordinance at its regular November 5, 2014 meeting. The new zoning ordinance was effective January 1, 2015. The Board forwarded a copy of the new zoning ordinance to the County Planning Commission on January 19, 2015.

2

On January 29, 2015, Yannaccone filed a complaint in the trial court against the Board pursuant to Section 5571.1 of the Judicial Code[2] and Section 1002-A(b) of the MPC[3] (relating to ordinance validity challenges), requesting that the new zoning ordinance be declared void since inception. Therein, Yannaccone alleged, *inter alia*, that the new zoning ordinance was invalid because ZOC was not the Township's authorized planning agency. On or about February 16, 2015, the Board filed preliminary objections to the complaint asserting, *inter alia*, that Yannaccone did not have standing. On July 9, 2015, the trial court sustained the Board's objection to standing, but overruled the remaining objections.

On July 21, 2015, Yannaccone filed an amended complaint, wherein he represented that he was a Township landowner. On November 23, 2015, Yannaccone filed a motion for summary judgment. On June 23, 2016, the trial court denied Yannaccone's summary judgment motion. The trial court further ruled that the Board complied with the MPC's procedural requirements for enacting the new zoning ordinance. The trial court also concluded that there was no authority to support Yannaccone's claim that the new zoning ordinance is void *ab initio* simply by virtue of the Board's delay in forwarding the new zoning ordinance to the County Planning Commission. On May 30, 2018, the trial court ruled in the Board's favor, holding that the new zoning ordinance was valid and in full force and effect for the reasons set forth in the trial court's June 23, 2016 order.

Yannaccone appealed to this Court arguing, *inter alia*, that the trial court erred by holding that the Board's monthly meetings strictly complied with the requirement in Section 607(b) of the MPC that "the planning agency shall hold at least one public meeting pursuant to public notice . . . ." 53 P.S. § 10607(b). On

---

[2] 42 Pa.C.S. § 5571.1.

[3] Added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11002-A(b).

August 9, 2019, this Court reversed the trial court's ruling that the Board substantially complied with Section 607(b) of the MPC in enacting the new zoning ordinance. This Court held: "[T]he Board's failure to issue the prescribed public notice of at least one of ZOC's public meetings is a fatal flaw that invalidates the [new zoning o]rdinance's enactment and renders the [new zoning o]rdinance void from inception." *Yannoccone v. Lewis Twp. Bd. of Supervisors*, 216 A.3d 551, 564 (Pa. Cmwlth. 2019).

## Facts

On November 22, 2019, the Board published, in the *Milton Standard Journal*, a notice of public hearing (Notice) to be held on December 3, 2019, for a "proposed zoning ordinance amendment . . . to the Township's current zoning ordinance." R.R. at 81a. In the interim, there was no public meeting pursuant to public notice of any planning agency or ZOC relative to the proposed zoning ordinance. The Ordinance was adopted by the Board at a meeting on December 4, 2019, the day after the advertised date for the public hearing on the amendment.

On December 19, 2019, Yannaccone filed a complaint in the trial court alleging that there was not an existing zoning ordinance in effect that was subject to amendment by the Board. Yannaccone further claimed that the Notice summary was insufficient to apprise citizens of the terms of the proposed ordinance. On January 22, 2020, the Board filed an answer. On April 29, 2020, Yannoccone filed the Summary Judgment Motion. On July 31, 2020, the trial court granted the Summary Judgment Motion. The Board appealed to this Court.[4]

---

[4] "In reviewing a grant of summary judgment, this Court's standard of review is de novo and our scope of review is plenary." *Bourgeois v. Snow Time, Inc.*, 242 A.3d 647, 649 (Pa. 2020). "An appellate court may reverse a grant of summary judgment only if the trial court erred in its application of the law or abused its discretion." *Id.* at 650.

4

**Discussion**

Preliminarily, Section 5571.1 of the Judicial Code provides, in relevant part:

**Appeals from ordinances, resolutions, maps, etc.**

**(a) Applicability; court of common pleas.--**

(1) This section shall apply to any appeal raising questions relating to an alleged defect in the process of or procedure for enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision.

(2) An appeal pursuant to this section shall be to the court of common pleas.

**(b) Appeals of defects in statutory procedure.--**

(1) Any appeal raising questions relating to an alleged defect in statutory procedure shall be brought within 30 days of the intended effective date of the ordinance.

(2) Except as provided in subsection (c) [(relating to exemption from limitation)], it is the express intent of the General Assembly that this 30-day limitation shall apply regardless of the ultimate validity of the challenged ordinance.

. . . .

**(d) Presumptions.--**Notwithstanding any other provision of law, appeals pursuant to this section shall be subject to and in accordance with the following:

(1) An ordinance shall be presumed to be valid and to have been enacted or adopted in strict compliance with statutory procedure.

. . . .

(3) An ordinance shall not be found void from inception unless the party alleging the defect in statutory procedure meets the burden of proving the elements set forth in subsection (e).

5

> **(e) Burden of proof.--**Notwithstanding any other provision of law, an ordinance shall not be found void from inception except as follows:
>
> (1) In the case of an appeal brought within the 30-day time limitation of subsection (b), the party alleging the defect must meet the burden of proving that there was a failure to strictly comply with statutory procedure.

42 Pa.C.S. § 5571.1.

The Board first argues that the trial court erred by granting the Summary Judgment Motion because the Board did not involve ZOC and did not hold at least one public meeting after public notice. The Board contends that, because the Ordinance is an amendatory ordinance, the provisions of Section 607 of the MPC were optional. Specifically, the Board claims that, since it was amending the Joint Ordinance, not the zoning ordinance that this Court previously ruled was void *ab initio*, the Board did not have to revive ZOC or publish a detailed summary before enacting the Ordinance.

Yannaccone rejoins that, before the Ordinance was enacted, the Township had notified Turbotville that the Township was withdrawing from the Joint Ordinance, *see* R.R. at 32a; Turbotville responded with its intent to also withdraw from the Joint Ordinance, *see* R.R. at 34a; and, when Turbotville enacted its new municipal zoning ordinance, it explicitly repealed the Joint Ordinance. *See* R.R. at 44a, Article XI. Thus, Yannaccone maintains that, at the time the Township allegedly enacted an amendment to the zoning ordinance, there was no zoning ordinance to amend.

As properly described by the trial court, the fundamental difference between the parties' positions is that Yannaccone contends that the Board was required to follow the MPC's procedures for the enactment of a *new* zoning ordinance, and the Board maintains that it was required to follow the MPC's procedures for the enactment of a zoning ordinance *amendment*. *See* R.R. at 79a.

6

The Board's October 7, 2013 letter to Turbotville provided:

> In accordance with the [Joint Ordinance], Section 109:B, [the Township] is hereby giving [Turbotville] notice of its withdrawal from the [Joint Ordinance,] **effective January 1, 2015**.
>
> Please note Section 109:C that the withdrawal from the [Joint Ordinance] may become effective prior to [the] date of separation with the approval of both governing bodies.

R.R. at 32a (emphasis added). By October 8, 2013 letter, Turbotville responded, in relevant part: "[Turbotville] accepts and concurs to the withdrawal." *Id*. Consequently, as of January 1, 2015, the Joint Ordinance was no longer the Township's controlling zoning ordinance.[5] Accordingly, because it appears that on November 22, 2019, the publication date of the Notice, there was no Joint Ordinance to amend, the Ordinance could not have been an amendatory ordinance.

However, this Court need not reach that conclusion[6] because, even if the Board was enacting an amendment to the Joint Ordinance, the Board would still have to comply with the notice provision in Section 610(a) of the MPC,[7] which states:

> Proposed zoning ordinances and amendments shall not be enacted unless notice of proposed enactment is given in the manner set forth in this section, and shall include the

---

[5] On November 13, 2014, Turbotville published a detailed notice of its new zoning ordinance.

[6] While this Court agrees with the trial court that the Ordinance cannot be an amendatory ordinance because the Joint Ordinance no longer existed, out of an abundance of caution because this conclusion may be a mixed question of law and fact, and a Summary Judgment Motion is being reviewed, this Court will not so hold.

[7] The Board maintains that there is a material factual dispute as to whether the Notice contained a sufficient brief summary of the proposed amendments to the prior ordinance pursuant to Section 610(a) of the MPC. "[T]he issue as to whether there are no genuine issues as to any material fact presents a question of law[.]" *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (quoting *Weaver v. Lancaster Newspapers, Inc.*, 926 A.2d 899, 902-03 (Pa. 2007)). The Notice speaks for itself.

time and place of the meeting at which passage will be considered, a reference to a place within the municipality where copies of the proposed ordinance or amendment may be examined without charge or obtained for a charge not greater than the cost thereof. The governing body shall publish the proposed ordinance or amendment once in one newspaper of general circulation in the municipality not more than 60 days nor less than 7 days prior to passage. **Publication of the** proposed ordinance or **amendment shall include** either the full text thereof or **the title and a brief summary**, prepared by the municipal solicitor and **setting forth all the provisions in reasonable detail**.

53 P.S. § 10610(a) (emphasis added).

Here, the Notice provided:

NOTICE IS GIVEN that the [Board], will hold a public hearing on a proposed zoning ordinance amendment on Tuesday, December 3, [2019,] at 7:00 o'clock p.m. at the Township Building at 1428 Rovendale Drive, Watsontown, Pennsylvania.

The proposed [o]rdinance, if enacted, will be a comprehensive amendment to the Township's current zoning ordinance. No map changes are contemplated as part of the proposed zoning ordinance amendment, which means no resident's current zoning district designation will change.

After the public hearing, the [Board] may consider enactment of the Ordinance, **the caption and a summary of such proposed [o]rdinance being as follows**:

ORDINANCE NO. 2019-14

AN ORDINANCE OF THE TOWNSHIP OF LEWIS, COUNTY OF NORTHUMBERLAND, COMMONWEALTH OF PENNSYLVANIA, **AMENDING COMPREHENSIVE ZONING WITHIN THE TOWNSHIP, REPEALING INCONSISTENT ORDINANCES AND PROVIDING FOR AN EFFECTIVE DATE**.

The full text of the Ordinance is available for public inspection at the Township Building at 1428 Rovendale

8

Drive, Watsontown, Pennsylvania, Monday through Friday between 8:00 o'clock A.M. and 3:00 o'clock P.M.

Amendments may be made to the Ordinance prior to its final enactment. Persons with disabilities may request auxiliary aids and services by calling Lucinda Bomberger, Township Secretary, at (570) 649-5371.

BY ORDER OF THE [BOARD].

R.R. at 81a (emphasis added).

This Court is perplexed as to how the above-quoted Notice can be considered as containing "the title and a brief summary . . . **setting forth all the provisions in reasonable detail**." 53 P.S. § 10610(a) (emphasis added). First, despite that the Board claims the Ordinance is an amendment of the Joint Ordinance, reference to the Joint Ordinance does not appear anywhere in the Notice. Further, the Board claims that the fact that the Notice included that "[n]o map changes are contemplated as part of the proposed zoning ordinance amendment, which means no resident's current zoning district designation will change[,]" it is sufficient under Section 607(a) of the MPC. R.R. at 81a. However, that statement is included above the "summary of such proposed [o]rdinance." *Id*. Finally, while "AN ORDINANCE . . . AMENDING COMPREHENSIVE ZONING WITHIN THE TOWNSHIP, REPEALING INCONSISTENT ORDINANCES AND PROVIDING FOR AN EFFECTIVE DATE," *may* be considered a "brief summary," it certainly does not qualify as a "setting forth [of] all the provisions in reasonable detail." *Id*.

The Board argues that because the Ordinance is 150 pages in length, it chose to include the title and a brief summary in the Notice rather than to publish the entire Ordinance. The Board contends that the Ordinance summary meets the "reasonable detail" requirement and cites *Streck v. Lower Macungie Township Board of Commissioners*, 58 A.3d 865 (Pa. Cmwlth. 2012), to support its position.

9

In *Streck*, the township also chose to publish a summary of its proposed amendment, rather than the entire 30-page ordinance.  However, the notice provided:

> *Notice is hereby given that the Lower Macungie Township Board of Commissioners will consider for possible adoption an [o]rdinance amending the [t]ownship [z]oning [o]rdinance entitled Zoning Ordinance/Map Amendment.  This proposed amendment, of which this [n]otice is a summary proposes the following: establish four new zoning districts*: Highway Industrial-Spring Creek (HI-SC), Commercial-Spring Creek (C-SC), Agricultural Protection Overlay (APO), and Urban Residential Overlay (UO); *provide within these new zoning districts uses* permitted by right, uses permitted by condition, uses permitted by special exception, and accessory uses; *provide for regulations within these new zoning districts* covering lot area, lot width, building coverage and height, minimum yard requirements, and off-street parking, along with other additional standards; *amend the official Zoning Map*, including the rezoning of lands to these new zoning districts and/or the Urban Residential District; *add a definition* of a 'fast food restaurant;' amend the definition of 'warehouse and whole trade' to become the new definition of 'warehouse, wholesale, storage or distribution use;' *revise requirements regarding signs*; *provide for conditions for warehouse*, wholesale, storage or distribution use; *amend the requirement that applicants provide security* services to shopping centers; *repeal requirements regarding traffic impact studies*; *repeal any conflicting ordinances*, resolutions or parts thereof; provide for severability of parts of this ordinance deemed to be invalid; and provide for an effective date.  The Board of Commissioners will consider the foregoing [o]rdinance at a hearing to be held during the [board's] public meeting on July 1, 2010[,] at 7:00 p.m. at the Lower Macungie Township Municipal Building, 3400 Brookside Road, Macungie, Pennsylvania. Copies of the full text of this [o]rdinance are available to any interested party for inspection and/or copying at the [t]ownship [m]unicipal [b]uilding, or for inspection during normal business hours at the offices of this newspaper and the Lehigh County Department of Law. All interested parties are invited to attend this hearing.

*Id*. at 876-77 (record citation omitted).

In *Streck*, the trial court found the summary lacked "reasonable detail" because

> **the notice did not state** that it was the Zoning Ordinance *of 1998* that was being amended; **did not identify** the particular 'conflicting ordinance' provisions being repealed **by section number**; stated that there would be 'four new zoning districts' instead of 'four new *classes* of zoning districts[;]' did not identify the location of the new zoning districts; **did not include the table of contents** of Ordinance No. 2010-06; **did not summarize the purpose** of the new zoning districts; and **did not identify the uses to be excluded** from the new classes of zoning districts.

*Id*. at 877 (bold emphasis added).

On appeal, this Court reversed the trial court's decision, explaining:

> All that Section 610[(a) of the MPC] requires is a *brief* summary in reasonable detail. 53 P.S. § 10610(a). **The trial court's objections are more semantic than substantive in nature**, **and they border on the picayune**. The truth is that excessive detail can overwhelm the reader and thereby mislead, not inform, the reader. For example, the trial court faulted the summary of Ordinance No. 2010-06 because it refers to the '[t]ownship [z]oning [o]rdinance' and not the '[t]ownship [z]oning [o]rdinance *of 1998*.' Unless the reader was an expert in the [t]ownship's ordinances, adding the year '1998' would provide a meaningless, not reasonable, detail. For the same reason, it was not necessary for the [t]ownship to identify the section numbers of the ordinances being repealed or amended. **It is more important to identify the content of the sections being repealed or amended**, and the summary did so. Using the table of contents of Ordinance No. 2010-06 would have been another way to do a summary, but its absence is not unreasonable. The table of contents simply repeats, but in a different form, the information in the [t]ownship's summary. It may have been a good idea for the summary to explain the purpose of the proposed amendments, but this is a requirement that does not appear in Section 610(a) of the MPC and is a

11

matter of policy for the General Assembly to decide. Had the [t]ownship gone the alternate route of publishing the entire text of Ordinance No. 2010-06, it would not have had to explain its purpose for this legislative change.

*Streck*, 58 A.3d at 878 (emphasis added).

The *Streck* Court concluded:

**[T]he [t]ownship's summary listed the salient details of Ordinance No. 2010–06 in 'reasonable' detail**. The summary gave the reader notice that there would be a major rezoning of land located within the [t]ownship, and it advised any citizen interested in more information on where to obtain a free copy of the new zoning map and the complete text of Ordinance [No.] 2010-06, *i.e.*, the [t]ownship [m]unicipal [b]uilding. The 'reasonable detail' standard does not give a reviewing court a license to flyspeck an ordinance summary. To so hold would require municipalities to publish the entire text of an ordinance, which is a result Section 610(a) [of the MPC] sought to avoid with the summary option. This is especially true here in light of the fact that Ordinance No. 2010-06 was 30 pages in length.

*Streck*, 58 A.3d at 878 (emphasis added).

Here, Yannaccone's objections are not "more semantic than substantive in nature, [nor do] they border on the picayune." *Id*. While the *Streck* Court stated that "excessive detail" can overwhelm or misinform the reader, *id*., it does not excuse the Board's issuance of a Notice with no detail. Similarly, although the *Streck* Court opined that "it was not necessary for the [t]ownship to identify the section numbers of the ordinances being repealed or amended[,]" *Streck* does not justify the Board's failure "to identify the content of the sections being repealed or amended[,]" *id*., in its Notice. Consequently, because "the Township's summary [did not] list[] the salient details of [the] Ordinance . . . in 'reasonable' detail[,]" *id*., *Streck* is

12

inapposite.  Accordingly, this Court holds that the Board did not comply with Section 610(a) of the MPC in its issuance of the Notice.[8]

## Conclusion

Because Yannaccone filed his appeal within 30 days of the Board's enactment of the Ordinance, he was only required to "meet the burden of proving that there was a failure to strictly comply with statutory procedure."  42 Pa.C.S. § 5571.1(e).  Since Yannaccone met his burden of proving that the Board did not comply with Section 610(a) of the MPC, the Ordinance is void *ab initio*.  *See* 42 Pa.C.S. § 5571.1(d)(3).  Accordingly, the trial court properly granted the Summary Judgment Motion.[9]

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[8] Having made this determination, this Court does not reach the Board's final issue.

[9] "[T]his Court may affirm a trial court's order on other grounds where affirmance is required for different reasons than those on which [the trial court] based its decision." *Watkins v. Pa. Dep't of Corr.*, 196 A.3d 272, 274 n.3 (Pa. Cmwlth. 2018).

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Yannaccone         :
                             :
       v.                 :
                             :
Lewis Township Board of    :
Supervisors,             :   No. 856 C.D. 2020
          Appellant     :

# O R D E R

AND NOW, this 30th day of April, 2021, the Northumberland County Common Pleas Court's July 31, 2020 order is affirmed.

_____
ANNE E. COVEY, Judge