IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Rivera,               :
            Appellant      :
                       :
         v.              :
                       :
RHU Lieutenant Pitonyak and    :   No. 509 C.D. 2020
RHU Sergeant Dobish        :   Submitted: April 1, 2021


BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                         FILED: May 10, 2021


      Michael Rivera (Rivera) appeals, pro se, from the Fayette County Common Pleas Court's (trial court) April 24, 2020 order denying Rivera's Petition for Leave to Proceed In Forma Pauperis (IFP Petition) and dismissing his pro se complaint against Restricted Housing Unit (RHU) Lieutenant Pitonyak (Lt. Pitonyak) and RHU Sergeant Dobish (Sgt. Dobish) (collectively, Officers)[1] individually, and in their official capacities (Complaint), pursuant to Pennsylvania Rule of Civil Procedure No. (Civil Rule) 240(j)(1). Essentially, the issue before this Court is whether Rivera's Complaint is wholly frivolous and fails to state a claim upon which relief can be granted.[2] After review, we affirm.

---

[1] Rivera states in his Complaint that he does not know the Officers' first names. *See* Complaint ¶¶ 7-8; Original Record at 9. Because the pages of the trial court's original record are not numbered, the page numbers referenced herein reflect electronic pagination.

[2] Rivera presents five issues in his Statement of Questions Involved: (1) whether the trial court erred by prematurely dismissing his Complaint without service, where Rivera attached sufficient documentary evidence thereto to satisfy the elements of the underlying cause of action; (2) whether the trial court erred by prematurely dismissing his Complaint without service, wherein the allegations clearly aver a prima facie claim for discrimination as a class of one under the

Rivera is currently incarcerated at State Correctional Institution (SCI) at Benner Township. On September 23, 2019, Rivera filed the Complaint in the trial court alleging that Lt. Pitonyak and Sgt. Dobish denied him yard privileges on eight occasions from March 14, 2019 to March 23, 2019, without proper reasons therefor. In the Complaint, Rivera sought: (1) declaratory relief that his rights under the United States (U.S.) and Pennsylvania Constitutions were violated; (2) injunctive relief enjoining Lt. Pitonyak and Sgt. Dobish from discriminating and retaliating against him; and (3) compensatory and punitive damages. *See* Complaint at 15; Original Record (O.R.) at 21. In conjunction with his Complaint, Rivera filed an IFP Petition. On April 24, 2020, the trial court denied the IFP Petition and dismissed the Complaint with prejudice pursuant to Civil Rule 240(j)(1). On May 12, 2020, Rivera appealed to this Court.[3] Also on May 12, 2020, Rivera filed a Concise Statement of Matters Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement).[4] On December 10, 2020, the trial court filed a Statement in Lieu of Opinion, stating that the reasons for its April 24, 2020 order appear in its April 24, 2020 opinion.

---

Fourteenth Amendment of the United States (U.S.) Constitution, U.S. Const. amend. XIV; (3) whether the trial court erred by prematurely dismissing his Complaint without service, wherein the allegations aver a prima facie claim for atypical and significant hardship under the Fourteenth Amendment of the U.S. Constitution; (4) whether the trial court erred by prematurely dismissing his Complaint without service, by applying the exceptions to the Act commonly referred to as the Sovereign Immunity Act, *see* Section 8522 of the Sovereign Immunity Act, 42 Pa.C.S. § 8522, to a federal claim filed under Section 1983 of the U.S. Code, 42 U.S.C. § 1983; and (5) whether the trial court erred by denying his IFP Petition without an evidentiary hearing on Rivera's ability to pay, or giving Rivera an opportunity to pay before summarily dismissing his Complaint. *See* Rivera Br. at 4-5. Because these issues are subsumed in this Court's analysis of whether the trial court erred by dismissing the Complaint as frivolous, they will be addressed accordingly herein.

[3] "Our scope of review is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *Mohica v. SCI-Mahanoy Sec.*, 224 A.3d 811, 812 n.2 (Pa. Cmwlth. 2020) (quoting *Lichtman v. Glazer*, 111 A.3d 1225, 1227 n.4 (Pa. Cmwlth. 2015)).

[4] The trial court did not issue a Rule 1925(b) order.

Initially, Civil Rule 240(j)(1) provides, in relevant part:

If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Note: A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, [326] . . . (1989).

Pa.R.C.P. No. 240(j)(1).

In the Complaint, Rivera alleges:

[B]oth [Officers] intentionally and maliciously acted in concert to deny [Rivera his] statutory right to yard, which all other similarly situated RHU prisoners on B-pod of L-block regularly receive[] as a matter of [Department of Corrections' (]DOC[)] policy and law, clearly demonstrating that [Rivera] was singled out and targeted as a 'class of one,' without any penological justification or any reasonable and/or rational relationship to policy or law. Each [Officer's] wrongful actions violated, and continue to violate [Rivera's] rights under the Equal Protection Clause of the Fourteenth Amendment of the [U.S.] Constitution, as well as Article I, Section 26 of the Pennsylvania Constitution, [Pa. Const. art. I, § 26,] causing [Rivera] humiliation and emotional distress as a result of the disparity of treatment from all other RHU prisoners.

[B]oth [Officers] intentionally and maliciously acted in concert to deny [Rivera his] statutory right to yard, which all other similarly situated RHU prisoners on B-pod of L-block regularly receive[] as a matter of DOC policy and law, exposing [Rivera] to atypical and significant hardship in comparison to the ordinary incidents of prison life within an RHU-context, without any penological justification or any reasonable and/or rational relationship

3

to policy or law. Each [Officer's] wrongful actions violated, and continue[s] to violate [Rivera's] rights under the Equal Protection Clause of the Fourteenth Amendment of the [U.S.] Constitution, as well as Article I, Section 26 of the Pennsylvania Constitution, causing [Rivera] humiliation and emotional distress as a result of the disparity of treatment from all other RHU prisoners.

Complaint ¶¶ 66, 67; O.R. at 20.

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination . . . ." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

In order to state an equal protection claim for unequal or discriminatory enforcement the party claiming such discrimination must show that persons similarly situated have not been treated the same and that the decisions were made on the basis of an unjustifiable standard such as race, religion, or other arbitrary classification or to prevent the [party's] exercise of a fundamental right.

*Correll v. Dep't of Transp., Bureau of Driver Licensing*, 726 A.2d 427, 431 (Pa. Cmwlth. 1999), *aff'd*, 769 A.2d 442 (Pa. 2001) (quotation marks omitted).

Here, Rivera has not alleged that he was denied yard privileges "on the basis of an unjustifiable standard such as race, religion, or other arbitrary classification." *Id*. Rather, he avers that he is a "class of one." Complaint ¶¶ 66, 67; O.R. at 20.

To allege an equal protection claim under a class of one theory, a plaintiff must show that "(1) the defendant treated him differently from others similarly situated[;] (2) the defendant did so intentionally[;] and (3) there was no rational basis for the difference in treatment." *Phillips v.* [*Cnty.*] *of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) . . . .

*Rivera v. Silbaugh*, 240 A.3d 229, 242 (Pa. Cmwlth. 2020). In the instant case, Rivera avers that he was treated differently than other prisoners of his same status

4

and condition, but he does not allege any facts in his Complaint to support his claim of unlawful discrimination.

> This Court has declared:
>
> > "Assertions of intentional disparate treatment must be supported by specific factual allegations." *Myers v. Ridge*, 712 A.2d 791[, 799] (Pa. Cmwlth. 1998) (sustaining objection to prisoner's equal protection claim); *Stockton v.* [] *Dep*[*'t*] *of Corr*[.] (Pa. Cmwlth.[] No. 765 C.D. 2012, filed Nov. 16, 2012),[5] slip op. at 10, (upholding dismissal of similar claim because the inmate "set forth conclusory allegations rather than the requisite factual predicate for an equal protection claim").

*Rivera*, 240 A.3d at 242.

In *Rivera*, Rivera alleged in his complaint that he was treated differently than other prisoners of his same status and condition, but he did not allege facts from which it could be concluded that other members of his religion, or any other religion for that matter, were permitted to receive multiple photocopies of published religious materials sent to them through the mail. The complaint simply alleged that all other DOC prisoners of his same status and condition regularly receive religious photocopies as a matter of DOC policy. The *Rivera* Court held: "This bald accusation fails to state a claim that the DOC [d]efendants intentionally singled him out for discriminatory treatment due to spite or vindictiveness." *Id.*

"The RHU is generally used to house prisoners who are assaultive or otherwise dangerous, or who would be in danger themselves if mixed with the general prison population."[6] *Bullock v. Horn*, 720 A.2d 1079, 1082 (Pa. Cmwlth.

---

[5] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent.

[6]

> Restrictive housing, sometimes called administrative segregation, is used by correctional administrators to manage offenders who may be disruptive within their facilities. Restrictive housing entails

1998). Because prisoners are placed in the RHU based on any one of a number of reasons resulting in specific restrictions on their movement and privileges, and Rivera has failed to aver how he is similarly situated to other RHU inmates, and how he was intentionally singled out for unlawful discriminatory treatment for which there was no rational basis for the treatment, Rivera's bald assertion that "all other similarly situated RHU prisoners on B-pod of L-block regularly received [their statutory right to yard] as a matter of DOC policy and law[,]" Complaint ¶¶ 66, 67; O.R. at 20, fails to state a claim upon which relief can be granted. In the RHU setting, it is difficult to see how any two prisoners may be regarded as similarly situated for the purposes of equal protection. *Rivera*; *see also Meyers v. Ridge*, 712 A.2d 791, 799 (Pa. Cmwlth. 1998) ("In the parole setting, where decisions to parole are highly individualized and discretionary, it is difficult to see how any two prisoners may be regarded as similarly situated for the purposes of equal protection."). Consequently, Rivera's Complaint is frivolous. Accordingly, the trial court did not err by dismissing Rivera's Complaint pursuant to Civil Rule 240(j)(1).

---

physically removing inmates from the general population of a prison, separating them from other inmates, and **includes imposing restrictions on their movement**, **behavior**, **and privileges**. Because of the decentralized nature of the American prison system, there is no universal definition for "administrative segregation." The terms "administrative confinement", "departmental segregation" and "security housing units" are all used interchangeably to refer to these restrictive housing units, which have generally been described as "prisons within prisons."

https://b.3cdn.net/crjustice/91692e6bbba68675a4_9sm6bofks.pdf (last visited May 7, 2021) (emphasis added; footnote omitted).

6

For all of the above reasons, the trial court's order is affirmed.[7]

_____
ANNE E. COVEY, Judge

[7] "[T]his Court may affirm a trial court's order on other grounds where affirmance is required for different reasons than those on which [the trial court] based its decision." *Watkins v. Pa. Dep't of Corr.*, 196 A.3d 272, 274 n.3 (Pa. Cmwlth. 2018).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Rivera,                               :
                Appellant             :
                                   :
           v.                                 :
                                   :
RHU Lieutenant Pitonyak and       :    No. 509 C.D. 2020
RHU Sergeant Dobish                    :

### O R D E R

AND NOW, this 10th day of May, 2021, the Fayette County Common Pleas Court's April 24, 2020 order is affirmed.

 

_____

ANNE E. COVEY, Judge