IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony S. Twitty,                          :
                           Petitioner       :
                                            :
            v.                              :
                                            :
The Pa. Dep't of Corr.,                     :       No. 532 M.D. 2022
                           Respondent       :       Submitted: August 8, 2025


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                              FILED: September 25, 2025


            Before the Court are the Preliminary Objections to the Amended

Petition for Review (Preliminary Objections) filed by the Pennsylvania Department

of Corrections (DOC) to the Amended Petition for Review (Amended PFR) filed

*pro se* by Anthony S. Twitty (Twitty) in this Court's original jurisdiction.  DOC

contends that Twitty has failed to demonstrate a clear right to relief.  For the reasons

that follow, we sustain the Preliminary Objections and dismiss the Amended PFR

with prejudice.


                    **I.  Background and Procedural Posture**

            On October 31, 2022, Twitty filed his original petition for review in

which he alleged that, while he was incarcerated at State Correctional Institution

Houtzdale (SCI-Houtzdale), a waterpipe burst, flooding his cell and damaging or

destroying his personal property, including his footlocker and its contents.[1] *See* Petition for Review filed October 31, 2022 (Original PFR) at 1. The Original PFR alleged that DOC violated Twitty's constitutional rights to adequate due process under the Fifth and Fourteenth Amendments of the United States Constitution,[2] and requested this Court to compel DOC to admit wrongdoing and stop violating Twitty's rights. *See* Original PFR at 1-2. The Original PFR also included seven documents attached as exhibits as purported support for Twitty's claims. *See* Original PFR, Exhibits A-G.[3]

On January 11, 2023, DOC filed preliminary objections to the Original PFR in the nature of demurrers, challenging the legal sufficiency of the Original PFR on several grounds. *See* Preliminary Objections to the Petition for Review filed January 11, 2023 (Original POs). First, the Original POs argued that the Original PFR should be dismissed on due process grounds because a grievance process was both available to and utilized by Twitty. *See* Original POs at 4-6. Next, the Original POs argued that Twitty's Takings Clause – Fifth Amendment argument should be dismissed as inapplicable. *See* Original POs at 6-8. Third, the Original POs argued

---

[1] The contents allegedly destroyed included Twitty's legal documents, book, family pictures, a gig bag, a surge protector, and a painting/canvas. *See* Petition for Review filed October 31, 2022 (Original PFR) at 1.

[2] U.S. CONST. amends. V & XIV.

[3] The documents attached to the Original PFR as exhibits included the following documents related to Twitty's use of the grievance process available at SCI-Houtzdale: Official Inmate Grievance dated June 6, 2022 (Exhibit A); Initial Review Response dated July 1, 2022 (Exhibit B); Inmate Appeal to Facility Manager dated July 17, 2022 (Exhibit C); Facility Manager's Appeal Response dated July 29, 2022 (Exhibit D); Inmate Appeal to Final Review dated August 12, 2022 (Exhibit E); Rejection Form dated June 9, 2022 (Exhibit F); Final Appeal Decision Dismissal dated September 20, 2022 (Exhibit G).

that the Original PFR should be dismissed because DOC is not a "person" subject to suit for constitutional violations under 42 U.S.C. § 1983. *See* Original POs at 8-9.

In a decision filed December 6, 2023, this Court determined that Twitty had an opportunity to be heard by utilizing the DOC grievance process, and therefore sustained DOC's due process preliminary objection. *See Twitty v. The Pa. Dep't of Corr.* (Pa. Cmwlth., No. 532 M.D. 2022, filed December 6, 2023) (*Twitty I*), slip op. at 3-5. The Court also sustained DOC's Takings Clause preliminary objection after determining that Twitty failed to plead facts explaining how the damage to Twitty's private property amounted to a violation of the Takings Clause. *See id.*, slip op. at 5-6. Lastly, the Court sustained DOC's preliminary objection that argued that DOC is not a "person" subject to a Section 1983 claim. *See id.*, slip op. at 6-7. The Court ultimately dismissed the Original PFR without prejudice and granted Twitty 30 days in which to file an amended petition for review. *See id.*, slip op. at 7 & Order.

Twitty thereafter timely filed the Amended PFR.[4] As in the Original PFR, Twitty again alleges in the Amended PFR that on May 24, 2022, as a result of faulty repair of a recurring problem, a waterpipe at SCI-Houtzdale burst, flooding his cell and destroying his personal property. *See* Amended PFR at 1 (pagination supplied).[5] The Amended PFR also purportedly raises claims against three new

---

[4] While the Amended PFR was received by the Court on January 9, 2024, the postmark on the envelope indicates Twitty mailed the Amended PFR on January 5, 2024.

[5] We observe that, generally, "[a]n amended complaint has the effect of eliminating the prior complaint." *Hionis v. Concord Twp.*, 973 A.2d 1030, 1036 (Pa. Cmwlth. 2009) (citing *Freeze v. Donegal Mut. Ins. Co.,* 470 A.2d 958, 960 n. 5 (Pa. 1983)). Thus, once an amended complaint is filed, the original complaint is no longer operative or effective. *See id.* We note that the Amended PFR, the operative pleading herein, does not specify, as did the Original PFR, the personal property allegedly damaged or destroyed by the burst waterpipe and instead merely states: "Wherefore, [Twitty] request [sic] that this Honorable Court to [sic] grant the following relief: 'the replacement value or identical item, new or used, except [sic] the footlocker and gig bag.'"

respondents in addition to DOC: Ms. Richards, a unit manager within SCI-Houtzdale; Major Barrows, Major of Unit Management; and Maintenance Officer 1, an unknown maintenance officer (collectively, Additional Respondents). *See id.* On February 6, 2024, DOC filed Respondent's Motion to Stay the Time for Answering Petitioner's Amended Petition for Review (Motion to Stay), in which DOC explained that Twitty had not yet properly served the Additional Respondents. *See* Motion to Stay at 3. On February 8, the Court entered an order directing Twitty to serve the Amended PFR on the Additional Respondents, or the Additional Respondents would be dismissed from the action. *See* Commonwealth Court Order dated February 8, 2024. Twitty did not serve the Additional Respondents, and on March 20, 2024, this Court entered an order dismissing the Additional Respondents. *See* Commonwealth Court Order dated March 20, 2024 (March 20 Order). Twitty sought reconsideration of the March 20 Order, which request this Court denied by order dated April 18, 2024. *See* "Petition for Remand to the Court's Order Dated March 20, 2024" filed March 27, 2024; Application to Amend Certificate of Service filed April 3, 2024; Commonwealth Court Order dated April 18, 2024. The Court thereafter directed DOC to file an answer or otherwise respond to the Amended PFR. *See* Commonwealth Court Order dated June 20, 2024.

On July 16, 2024, DOC filed the Preliminary Objections, raising a demurrer based on Twitty's failure to state a negligence claim against DOC and re-raising the objection that DOC is not a "person" subject to suit for constitutional violations under 42 U.S.C. § 1983. *See* Preliminary Objections at 4-8. DOC asks

---

Amended PFR at 2. We further observe that the Amended PFR as filed does not include the seven exhibits Twitty attached to the Original PFR. *See id.*

this Court to sustain the Preliminary Objections and dismiss the Amended PFR. *See* Preliminary Objections at 9.

The Preliminary Objections are now before this Court for review.[6]

## II. Discussion

Initially, we note that

> [i]n ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [petition for review].

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).

---

[6] After DOC filed its brief, Twitty requested an extension of time in which to file his brief, which the Court granted. *See* filing entitled "Petitioner Seeks (30) Day Exstension [sic] to Mitigate Circumstances Outside of Petitioner's Control" filed October 21, 2024; Commonwealth Court Order dated October 29, 2024. On February 25, 2025, the Court entered an order directing Twitty to file and serve copies of his brief on or before March 11, 2025, or the Court would proceed without Twitty's brief. *See* Commonwealth Court Order dated February 25, 2025. To date, Twitty has not filed a brief.

**A.** *Demurrer as to Twitty's Negligence Claim Against DOC*

DOC first argues that this Court should dismiss the Amended PFR because, while the Amended PFR claims that the Additional Respondents were individually negligent, the allegations of the Amended PFR fail to state a claim of negligence as to DOC individually. *See* DOC's Br. at 12-14.

"To state a negligence claim, the plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage." *Young v. Wetzel*, 260 A.3d 281, 289 (Pa. Cmwlth. 2021) (quoting *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998)) (internal quotation marks omitted).

DOC argues that Twitty's broad claims of negligence are insufficient to support claims for negligence against the Additional Respondents or DOC. *See* DOC's Br. at 12-14. DOC states that "[t]he crux of Twitty's negligence claim lies in his bald allegations that some unknown maintenance worker allowed alleged inexperienced inmate laborers to repair a reoccurring problem." *Id.* at 13. DOC notes that Twitty levels no allegations of specific involvement or misconduct against DOC in relation to waterpipe repairs, the burst waterpipe, or his damaged property. *See id.* DOC argues that the Amended PFR fails to plead facts regarding any specific duty owed by DOC or any failure to conform to such a duty. *See id.* DOC also argues that the Amended PFR fails to include any specific allegations of misconduct on DOC's part. *See id.* DOC further argues that the Amended PFR fails to connect the performance of an unknown maintenance worker, or the performance of unknown laborers under the direction of the unknown maintenance worker, to negligence on DOC's part. *See id.* DOC argues that the Amended PFR fails to explain details about the allegedly reoccurring problem, how Twitty knew of the

6

experience level of any inmate laborer purportedly assigned to repair such problem, and/or how the unknown maintenance worker would have known of the alleged inexperience of the inmate laborers under his/her control. *See id.* at 13-14. The Amended PFR also fails, DOC alleges, to establish the role of DOC in the unknown maintenance worker's use of inmate laborers to perform the allegedly inadequate repairs of the unspecified recurring problem. *See id.* at 14.

Even a cursory review of the Amended PFR reveals that DOC is correct in its assessment as to the paucity of the averments contained therein. The Amended PFR fails to make any specific allegations as to either DOC's duty of care in relation to Twitty or how DOC allegedly breached any such duty. The Amended PFR likewise makes no allegations regarding DOC's part in the allegedly insufficient repair efforts of the unidentified recurring problem or as to the unknown maintenance worker generally or the unknown maintenance worker's use of allegedly inexperienced inmate laborers to repair the unspecified recurring problem specifically. In short, the Amended PFR fails to demonstrate an alleged duty of DOC or a breach of such duty and therefore fails to state a claim for negligence against DOC. We accordingly sustain the Preliminary Objections in this regard.

## B. *DOC Not a Person for Section 1983 Purposes*

Next, DOC objects to the Amended PFR on the basis that Twitty's constitutional claims are improperly directed toward DOC, which is not a "person" subject to suit under Section 1983 of the Civil Rights Act of 1964 (Section 1983). *See* DOC's Br. at 14-15.

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

As this Court previously explained when addressing this particular preliminary objection in *Twitty I*:

> Under Section 1983, to state a *prima facie* claim, a petitioner must allege a violation of a right secured by the United States Constitution and the laws of the United States and must show that the alleged deprivation was committed by a "person" acting under color of a state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A state or state agency, however, is not a "person" under Section 1983. *Will v. Mich*[.] *Dep*[']*t of State Police*, 491 U.S. 58, 69-71 (1989). It is well settled that DOC is an administrative agency of the Commonwealth and, consequently, is not a "person" subject to suit under Section 1983. *Watkins v. Dep*[']*t of Corr*[.], 196 A.3d 272, 275 (Pa. Cmwlth. 2018); *Warren v. Dep*[']*t of Corr*[.], 616 A.2d 140, 142 (Pa. Cmwlth. 1992); *see* Section 201 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 61 (DOC is an "administrative department").

*Twitty I*, slip op at 6-7. Thus, as in *Twitty I*, we sustain the Preliminary Objections because Twitty cannot state a claim against DOC under Section 1983. Further, because this is not a defect that can be corrected by further amendment, we dismiss the Amended PFR with prejudice.

8

### III. Conclusion

For the reasons above, we sustain the Preliminary Objections and dismiss the Amended PFR with prejudice.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony S. Twitty,              :
              Petitioner     :
                             :
        v.                  :
                             :
The Pa. Dep't of Corr.,     :   No. 532 M.D. 2022
              Respondent   :

**O R D E R**

AND NOW, this 25th day of September, 2025, the Preliminary Objections to the Amended Petition for Review filed by the Pennsylvania Department of Corrections to the Amended Petition for Review (Amended PFR) filed by Anthony S. Twitty are SUSTAINED. The Amended PFR is DISMISSED with prejudice.

_____
CHRISTINE FIZZANO CANNON, Judge